# BROWN–FORMAN CO. *v.* COMMONWEALTH OF KENTUCKY.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 6.    Argued April 11, 12, 1910.—Decided May 16, 1910.

This court accepts the construction by the highest court of the State that the tax imposed by the state statute in this case is not a property tax, but a license tax, imposed on the doing of a business which is subject to the regulating power of the State.

The function of taxation is fundamental to the existence of the governmental power of the States, and the restriction against denial of equal protection of the law does not compel an iron rule of equal taxation, prevent variety in methods, or the exercise of a wide discretion in classification.

A classification which is not capricious or arbitrary and rests upon reasonable consideration of difference or policy does not deny equal protection of the law, and so held that the classification in the Kentucky act of 1906, imposing a license tax on persons compounding, rectifying, adulterating, or blending distilled spirits, is not a denial of equal protection of the law because it discriminates in favor of the distillers and rectifiers of straight distilled spirits.

A State cannot impose an occupation tax on a business conducted outside of the State, and a license tax imposed on those doing a specified business within the State is not unconstitutional as denying equal protection of the law or violating the commerce clause because not imposed on those who carry on the same business beyond the jurisdiction of the State and who ship goods into the State.

While taxation discriminating in favor of residents and domestic products, and against non-residents and foreign products, might be invalid under the commerce clause, that objection does not apply to uniform taxation on a business which does not discriminate in favor of residents or domestic products.

While a state tax on goods which discriminates arbitrarily against the products of that State and in favor of other States denies equal protection of the law, as both classes of goods are within the taxing power of the State, where the license tax for the business of pro-

ducing the product cannot be imposed on the business beyond the State, it is not discriminatory. *State* v. *Hoyt*, 71 Vermont, 59, distinguished.

125 Kentucky, 402, affirmed.

·THE facts are stated in the opinion.

*Mr. Levi Cooke* and *Mr. A. B. Hayes*, with whom *Mr. W. M. Hough* was on the brief, for plaintiff in error:

The act is unconstitutional under the Fourteenth Amendment; under the commerce clause, and under prohibition against imposts upon exports and imports.

On writ of error to review the judgment of the highest court of a State, as against a right claimed under the Federal Constitution, this court is not bound by the state court's construction of the statute. *Scott* v. *McNeal*, 154 U. S. 34; *Huntington* v. *Attrill*, 146 U. S. 657, 683; *Mobile & O. R. Co.* v. *Tennessee*, 153 U. S. 486; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 558.

A State may not, by an arbitrary exercise of its taxing function, single out for oppression a particular person or class of persons within its domain, in violation of the Constitution. *McCullough* v. *Maryland*, 4 Wheat. 316; *Santa Clara County* v. *The Southern Pacific R. R. Co.*, 18 Fed. Rep. 385, 398.

While the Fourteenth Amendment was not intended to compel a State to adopt an iron rule of equal taxation, *Adams Express Co.* v. *Ohio*, 165 U. S. 194; it does prevent singling out and subjecting to taxation a class, and in this case the act discriminates against Kentucky rectifiers and blenders included within its provisions, in favor of other classes engaged in similar business.

The tax is a property tax. *Thierman* v. *Commonwealth*, 123 Kentucky, 740. Its prime purpose is revenue, and as a revenue measure, it must, to afford equal protection of the laws, apply equally to all of the general class engaged in the same business.

A license tax upon a sale of goods is in effect a tax upon the goods. *Brown* v. *Maryland*, 12 Wheat. 425; *Welton* v. *Missouri*, 91 U. S. 275; *Brennan* v. *Titusville*, 153 U. S. 289; *Cook* v. *Pennsylvania*, 97 U. S. 566; *Tiernan* v. *Rinker*, 102 U. S. 123; *United States* v. *Mayo*, 26 Fed. Cas. 1231; *United States* v. *James*, 14 Blatchf. 207; *Perry County* v. *Railroad*, 58 Alabama, 546. The act cannot be reasonably construed as a policing of the business, and the only purpose it effects is ·to secure accurate returns upon the goods handled, similar to what is effected by §§ 3259, 3260, Rev. Stat. U. S., and see *State* v. *Bengsch*, 170 Missouri, 81; *City of Brookfield* v. *Tooey*, 141 Missouri, 619; *Adams Express Co.* v. *Kentucky*, 166 U. S. 171; *Levi* v. *Louisville*, 97 Kentucky, 394, 408.

The tax is discriminatory. There is no inherent distinction between blended and unblended distilled spirits sufficient to justify the classification. The tax discriminates against the distilled spirits attempted to be subjected thereto in favor of the exempted spirits produced in the State as well as similar exempted spirits coming from other States and countries.

As to similar statutes held unconstitutional see *Hinson* v. *Lott*, 8 Wall. 148; *State* v. *Bengsch*, 170 Missouri, 81; *State* v. *Hoyt*, 71 Vermont, 59; *State* v. *Pratt*, 59 Vermont, 590; *State* v. *Montgomery*, 94 Maine, 192.

State measures have been sustained on the ground that they operated with equality both upon domestic goods and goods from other States, in *Kehrer* v. *Stewart*, 197 U. S. 60; *Phillips* v. *Mobile*, 208 U. S. 472; *Pabst Brewing Co.* v. *Crenshaw*, 198 U. S. 17; *Howe Machine Co.* v. *Gage*, 100 U. S. 676, and see *Darnell* v. *Memphis*, 208 U. S. 113, holding a tax levied upon logs brought into the State of Tennessee from elsewhere invalid, so long as logs cut from lands within the State of Tennessee were exempt as products of the State. The converse of this rule must be equally true, *i. e.*, a tax levied upon the product of a State

is invalid so long as the similar product of other States is exempt within the State.

A State cannot impose burdens in the way of taxation upon goods from other States or countries not imposed upon those produced within its borders, nor can a State impose burdens upon domestic goods not imposed upon those coming within its borders from other States and countries.

In this connection intoxicating liquors, where authorized as legitimate articles of commerce by the public policy of a State, are upon exactly the same plane as any other legitimate articles of commerce, in their relation to the commerce clause of the Constitution. *License Cases,* 5 How. 577; *Bowman* v. *Chicago & N. W. Ry. Co.,* 125 U. S. 465; *Leisy* v. *Hardin,* 135 U. S. 100; *Reid* v. *Colorado,* 187 U. S. 137, 150.

Under the Wilson Act foreign liquors upon their arrival in a State must be subjected to its law the same as though they had been produced within the State.

The act to be valid, should require the placing of the same burden upon spirits brought into the State as upon those produced within its borders. *Scott* v. *Donald,* 165 U. S. 58, 94; *Guy* v. *Baltimore,* 100 U. S. 434; *Welton* v. *Missouri,* 91 U. S. 275.

A State cannot, under the guise of inspection laws, make discriminations against the products of other States in favor of its own, *Voight* v. *Wright,* 141 U. S. 62, and the converse of this proposition must also be true.

While a State may validly, in the exercise of its police power, regulate the manufacture of goods that eventually will go into interstate commerce, and conversely Congress, in its regulation of interstate commerce, cannot control the manufacture of, as distinct from the commerce in, goods that may eventually go into interstate commerce, when a State singles out a particular article on which it places a tax burden as a distinct impost, so

that when that article goes into commerce among the States it inevitably bears such impost as distinct from the general property tax requirements of the State, such impost must be considered as a regulation of commerce. *Kidd* v. *Pearson*, 128 U. S. 1.

The act makes no attempt to prohibit the manufacture of liquors, and as to at least one of the classes of liquors involved, *i. e.*, blended liquors, no act of manufacture is committed. The mere mixing for sale of two whiskies, for instance, cannot be regarded as an act of manufacture. *Hartranft* v. *Wiegmann*, 121 U. S. 609.

The vicious tendency of the tax is that one State takes tribute from a particular article of its production to the manifest injury of interstate commerce in that article.

The prohibition upon the States against placing imposts upon exports is, as to imports, confined to a restriction of the state power as regards imports from foreign countries. *Woodruff* v. *Parham*, 8 Wall. 123. The prohibition as to exports does apply only to exports from a State to a foreign country.

A charge upon passengers leaving the State by stage coach, imposed by a Nevada act, was held unconstitutional under the commerce clause, and as violating the prohibition against state imposts, and on the ground that it imposed a charge upon the passing of stage-coach passengers through the State, and thereby abridged the privileges and immunities of citizens of the United States. *Crandall* v. *Nevada*, 6 Wall. 35; *Cook* v. *Pennsylvania*, 97 U. S. 566.

*Mr. James S. Morris*, with whom *Mr. James Breathitt*, Attorney General of the State of Kentucky, was on the brief, for defendant in error:

This act does not affect, nor is interstate commerce involved. *Castillo* v. *McConnico*, 168 U. S. 674; *People* v. *Rennsalaer & Saratoga R. Co.*, 15 Wend. (N. Y.) 113; *Clark* v. *Kansas City*, 176 U. S. 114; *Co. Supervisors* v. *Stanly*,

105. U. S. 305; *Stickrod* v. *Commonwealth*, 86 Kentucky, 285; *Jones* v. *Black*, 48 Alabama, 540; *State* v. *McNulty*, 7 N. D. 169; *Board of Comrs.* v. *Reeves*, 148 Indiana, 467; *Schmidtt* v. *Indianapolis*, 168 Indiana, 631.

It does not violate the constitutional prohibition against imposts on imports. *Am. Steel & Wire Co.* v. *Speed*, 192 U. S. 500; *Woodruff* v. *Parham*, 8 Wall. 123; *Brown* v. *Maryland*, 12 Wheat. 419.

It does not deny due process of law. 3 Am. & Eng. Ency. of Law, 717. Part may be invalid. Cooley, Const. Lim., 6th ed., 213; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; 105 U. S. 305.

Nor does it deny equal protection of law. *Mo., Kansas & C. R.* v. *McCann*, 174 U. S. 580–586; Acts, 1906, pp. 204–205; Act of Congress June 30, 1906, "Pure Food Law;" *Welton* v. *Missouri*, 91 U. S. 278; *Soon Hing* v. *Crowley*, 113 U. S. 709; *Bell's Gap Rd.* v. *Pennsylvania*, 134 U. S. 232; *Barbier* v. *Connolly*, 113 U. S. 27; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79; *Fraser* v. *McConway & T. Co.*, 82 Fed. Rep. 257; *In re Grice*, 79 Fed. Rep. 627; *State* v. *Garbroski*, 11 Iowa, 496; *Webber* v. *Virginia*, 103 U. S. 344; *Slaughter House Cases*, 16 Wall. 504; *Am. Sugar Refinery Co.* v. *L. A. An.*, 179 U. S. 89; *Mo. P. R. Co.* v. *Mackay*, 127 U. S. 205; *Erb* v. *Morasch*, 177 U. S. 584; *Fidelity Mut. Life Ins. Co.* v. *Metler*, 185 U. S. 308; *Farmers' & Merchants' Ins. Co.* v. *Dobney*, 189 U. S. 301; *Tullis* v. *Lake E. & Western R. R.*, 175 U. S. 348; *Mo., Kansas & T. P. R. Co.* v. *May*, 194 U. S. 267.

MR. JUSTICE LURTON delivered the opinion of the court.

The Commonwealth of Kentucky instituted this proceeding to collect an occupation tax imposed by an act of the general assembly of that State of March 26, 1906,

whereby every corporation or person engaged in the State, "in the business or occupation of compounding, rectifying, adulterating or blending distilled spirits," is required to pay "a license tax of one and one-fourth cent upon every wine gallon of such compounded, rectified, blended or adulterated distilled spirits." The defenses presented were, first, that the plaintiff in error had paid the tax due for the rectification of "single stamp spirits," and that the act does not cover "double stamp spirits," used as a basis for its operations; second, that the act was repugnant to the constitution of the State; and, third, that the act is repugnant to the Constitution of the United States, in that it is a regulation of interstate commerce, and operates as a denial of the equal protection of the law. The questions concerning the validity of the act under the state constitution and as to the liability of the plaintiff in error under the act as construed and enforced by the highest court of Kentucky, may be laid on one side, for the only contentions which concern us under this writ of error to the state court are those which arise under the Constitution of the United States.

The two sections of the act which need be examined are the first and seventh, which are set out in the margin.[1]

---

[1] Sec. 1. Every corporation, association, company, copartnership or individual engaged in this State in the business or occupation of compounding, rectifying, adulterating or blending distilled spirits, known and designated as single stamp spirits, shall pay to the Commonwealth of Kentucky a license tax of one and one-fourth cent upon every wine gallon of such compounded, rectified, blended or adulterated distilled spirits.

Sec. 7. Any corporation, association, company, copartnership or individual who shall ship any compounded, rectified, blended or adulterated distilled spirits, known and designated as single stamp spirits, into this State for the purpose of labeling, branding, marking or stamping the same as Kentucky whiskey, product or spirits or which, before shipment into this State, shall have been, or may thereafter be,

The other sections provide for reports and impose penalties for delinquencies in reporting or paying.

It is said that the seventh section of the act imposes a license tax upon the business of shipping into the State of goods like those made by the plaintiff in error, when deceptively marked or labelled "as Kentucky whiskey," or intended to be so deceptively branded or labelled when received in the State; and that such a burden is illegal as a regulation of interstate commerce. But as plaintiff in error concedes that it is not engaged in bringing into the State spirits deceptively marked as a Kentucky product nor intended to be so branded and has not been proceeded against under that section, it is clear, the section being a separable provision, that we need not deal with either of these objections, save only as the presence of that section in the act may have a bearing upon the question of discrimination between the domestic and foreign product, which is the real question in the case.

The question upon which the case must turn comes to this: Has the State denied to the plaintiff in error the equal protection of the law, guaranteed by the Fourteenth Amendment, by the imposition of the tax provided under the first section of the act? It is urged that that section falls under the condemnation of the provision of the Federal Constitution, because, to quote from the brief of counsel, it "creates an unjust discrimination against

labeled, branded, marked or stamped as Kentucky whiskey, product or spirits, shall be deemed compounders, rectifiers, blenders or adulterators under the provisions of this act, and shall pay the license tax imposed herein on compounders, rectifiers, blenders or adulterators of such spirits in this State, and shall make the report required herein to the auditor of public accounts. Any corporation, association, company, copartnership or individual who shall violate this section of this act shall be deemed guilty of a misdemeanor, and fined in any sum not less than five hundred nor more than one thousand dollars. Each shipment shall be deemed a separate offense. The Franklin Circuit Court shall have jurisdiction of all offenses committed under this act.

Kentucky rectifiers and blenders included within the provisions of the act, in favor of the three other classes engaged in the same business, to wit: (1) Kentucky distillers who vend unrectified and unblended spirits; (2) distillers of other States, or countries, who vend in Kentucky unrectified and unblended spirits; and (3) rectifiers and blenders of other States, or countries, who vend in Kentucky untaxed rectified or blended spirits, in direct competition with the spirits of Kentucky rectifiers, or blenders, subject to the tax."

It has been urged that the tax is not imposed as a license upon the doing of business, but is laid upon the goods produced, and is therefore arbitrary and discriminatory as one not imposed upon all other like kinds of liquor, whether produced in or out of the State. This contention, if good, would only carry the case back to the underlying objection that the classification is arbitrary and unreasonable, and therefore void, as denying the equal protection of the law, a question which at last must be answered, whether the tax be an occupation or a property tax. But the Kentucky Court of Appeals has construed the act as not a property tax, but as one imposing a license or occupation tax upon the business. Speaking by Judge Hobson, the Kentucky Court of Appeals said: "A license tax is imposed. The amount of the license tax is determined by the amount of the spirits produced. The tax is not upon the spirits. It is a license tax upon the business. To hold it as a tax upon the property, we must disregard the word 'license' in both the title and the body of the act. That a license tax was contemplated is also shown by § 3, which requires that notice shall be given to the auditor, stating certain facts, before the business shall be engaged in; by § 4, that upon such notice the auditor shall thereupon issue to each applicant a certificate showing that he has complied with the act, and by § 5, that upon the payment of the license tax to the

treasurer the auditor shall issue to such persons authority to continue in the business, if such authority is desired. Under the statute a man may not legally engage in the business without giving notice and having the certificate from the auditor. The payment of the tax at the times required by the statute is the condition upon which authority to continue in the business is made to depend. This is manifestly a tax on the business and not upon the property. The amount of the tax is simply regulated by the amount of the product, but it is a license tax upon the business. To hold otherwise would be to say that the legislature cannot impose a graduated license tax based upon the amount of product manufactured." Such a construction and interpretation of the statute here involved, by the highest court of the State, should be accepted as definitely determining that the tax complained of is not a property tax, but a license tax imposed upon the doing of a particular business plainly subject to the regulating power of the State.

We come then to the question as to whether this act makes an arbitrary and illegal discrimination in favor of other persons or corporations engaged in the same business. The question is at last one of classification of subjects, trades or pursuits for the purpose of taxation, and concerns the power of the States to exercise discretion in the methods, subjects and rates of taxation. Fundamental to the very existence of the governmental power of the States as is this function of taxation, it is nevertheless subject to the beneficent restriction that it shall not be so exercised as to deny to any the equal protection of the law. But this restriction does not compel the adoption of "an iron rule of equal taxation," nor prevent variety in methods of taxation or discretion in the selection of subjects, or classification for purposes of taxation of either properties, businesses, trades, callings or occupations. This much has been over and over announced by this court.

*Bell's Gap Rd.* v. *Pennsylvania,* 134 U. S. 232; *Cargill Co.* v. *Minnesota,* 180 U. S. 452; *Missouri, Kansas and Texas Railway Co.* v. *May,* 194 U. S. 267; *Cook* v. *Marshall County,* 196 U. S. 268; *Williams* v. *Arkansas,* 217 U. S. 79; *Southwestern Oil Co.* v. *State of Texas,* 217 U. S. 114.

The answer of the plaintiff in error concedes that it is "doing business in this State and engaged in the business or occupation of compounding, rectifying, adulterating or blending distilled spirits, known and designated as single stamp spirits." Plaintiff in error now says that it has been arbitrarily singled out and its business or occupation taxed, thereby discriminating in favor of "three other classes engaged in the same business." The first class which is named as favored are distillers who neither rectify, compound, adulterate nor blend their products. Manifestly there is nothing capricious in putting the occupation carried on by the plaintiff in error in a class distinct from that of the whiskey distillers whose straight product is the basis for the manipulated product of those engaged in the taxed business. A very wide discretion must be conceded to the legislative power of the State in the classification of trades, callings, businesses or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law. The reasons for discriminating between distillers and rectifiers is not obscure, and a classification which includes one and omits the other is by no means arbitrary or unreasonable. In *American Sugar Ref. Co.* v. *Louisiana,* cited above, a license tax imposed upon the business of refining sugar and molasses was sustained, although planters grinding and refining their own sugar were excluded. In *Cargill Co.* v. *Minnesota,* 180 U. S. 452, 469, a state statute requiring elevator com-

panies operating elevators situated upon railway rights
of way to take out a license, without requiring those not
so situated to do so, was held not to be an illegal discrimi-
nation.  This court there said, in reference to the insist-
ence that the discrimination was a denial of the equal
protection of the law, that "No such judgment could be
properly rendered unless the classification was merely ar-
bitrary or was devoid of those elements which are in-
herent in the distinction implied in classification.  We
cannot perceive that the requirement of a license is not
based upon some reasonable ground—some difference that
bears a proper relation to the classification made by the
statute."  In *Williams* v. *State of Arkansas*, cited above,
a classification in a state statute which prohibited drum-
ming on trains for business for any hotel, lodging house,
bath house, physicians, etc., was sustained as not a ca-
pricious classification, although it did not apply to drum-
ming for other business not mentioned, but distinguish-
able by reason of local conditions.  In *Southwestern Oil
Co.* v. *State of Texas*, 217 U. S. 114, it was held that an
occupation tax on all wholesale dealers in certain articles
did not deny to the class taxed the equal protection of
the law because a similar occupation tax was not imposed
on wholesale dealers in other articles.

It is next said that "distillers of other States and coun-
tries, who vend in Kentucky unrectified and unblended
spirits," are untouched by the law.  This is answered by
what we have said as to such distillers manufacturing
within the State, as well as by the obviousness of the fact
that the State of Kentucky had no more right to impose
an occupation tax upon a business conducted outside of
the State than it had to lay a property tax upon property
outside of the State.

Finally, it is said that "rectifiers and blenders of other
States or countries who vend in Kentucky untaxed rec-
tified or blended spirits, in direct competition with the

spirits of Kentucky rectifiers, or blenders, are not subject to the tax."

The contention comes to this: A State may not impose a tax upon the privilege of carrying on a particular business or occupation in the State, unless it can impose a similar tax upon the same business or occupation carried on outside .of the State, if the latter may, through interstate commerce, compete by shipments into the State with the product of the taxed resident. A system of taxation discriminating in favor of residents and domestic products and against non-residents and foreign products might result in commercial non-intercourse between the States, and as a regulation of interstate commerce would clearly be invalid. The objection, however, would not apply to a uniform tax upon goods which does not discriminate in favor of residents or products of the State. *Woodruff* v. *Parham*, 8 Wall. 123; *Hinson* v. *Lott*, 8 Wall. 148; *Emert* v. *Missouri*, 156 U. S. 296.

There is no pretense here that there has been any discrimination in favor of either the residents or the products of Kentucky, but the reverse, in that the resident rectifier is discriminated against because the product of the untaxed non-resident rectifier meets those of the taxed rectifier in competition for the trade of Kentucky. But counsel say that discrimination against residents or products of the State is as much a denial of the equal protection of the law as any other method of unequal taxation, and cite *State* v. *Hoyt*, 71 Vermont, 59, 64. That was a case involving the validity of a license tax by the State of Vermont upon peddlers of goods, "*the manufacture of this State*." The Vermont court held that when a business consists in selling goods the exaction of a license for its pursuit was in effect a tax upon the goods themselves, and that as this tax discriminated arbitrarily against the products of the State, it was void as denying the equal protection of the law. But the ground of

the decision was that the discrimination against the goods of the State and in favor of the products of other States, both classes of goods being within and subject to the taxing power of the State, was an illegal discrimination, as arbitrary and capricious. The court said:

"The question, therefore, is one of classification. If, in the case supposed, the resident and the non-resident manufacturer or their goods can be differently classed, the statute can be sustained; otherwise not. The rule on this subject is, that the mere fact of classification is not enough to exempt a statute from the operation of the equality clause of said amendment, but that in all cases it must appear, not only that a classification has been made, but that it is one based on some reasonable ground, some difference that bears a just and proper relation to the attempted classification, and is not a mere arbitrary selection. *Gulf, Colorado & Santa Fe R. R. Co.* v. *Ellis*, 165 U. S. 150."

The case has no bearing upon the present case. In that case the license might have been exacted from one peddling in Vermont, whether he peddled domestic or foreign goods. Here the exaction is not upon the product at all, but upon the business of producing the product in the State. The same business carried on beyond the State could not have been subjected to a like tax. There has therefore been no arbitrary or capricious discrimination against the resident rectifier.

There is no error in the judgment, and it is

*Affirmed.*