DUKE POWER CO. v. QUERY et al.

SOUTHERN PUBLIC UTILITIES CO. v. SAME.

Nos. 3197, 3198.

District Court, E. D. South Carolina.

April 11, 1935.

Haynsworth & Haynsworth, of Greenville, S. C., and W. S. O'B. Robinson, J. C. McGowan, and J. H. Marion, all of Charlotte, N. C., for plaintiffs.

Jno. M. Daniel, Atty. Gen. for S. C., and J. Fraser Lyon, Gen. Counsel, of Columbia, S. C., for defendants.

MYERS, District Judge.

These are consolidated actions at law, in which the plaintiffs seek to recover from

the defendant South Carolina Tax Commission certain taxes paid under protest as assessed by said commission under the South Carolina Electric Power Tax Act of May 9, 1931, 37 St. at Large, p. 357, § 1 (section 2558, Code 1932), entitled: "An Act to Raise Revenue for the Support of the State Government by the Imposition of an Excise Tax Upon Electric Power Generated and Sold Within This State," and providing as follows:

"Section 1. Be it enacted by the General Assembly of the State of South Carolina: (a) That in addition to all other taxes of every kind now imposed by law, every person, firm or corporation engaged in the business of manufacturing or generating hydro-electric power in the State of South Carolina shall be subject to the payment of an excise, license or privilege tax of five-tenths of one mill upon each kilowatt hour of hydro-electric power manufactured or generated, and said tax shall be paid to and collected by South Carolina Tax Commission.

"(b) That in addition to all other taxes of every kind now imposed by law, every person, firm or corporation engaged in the business of manufacturing or generating electric power by the use of steam power in the State of South Carolina shall be subject to the payment of an excise, license, or privilege tax of five-tenths of one mill upon each kilowatt hour of electric power so manufactured or generated and said tax shall be paid to and collected by South Carolina Tax Commission.

"(c) That in addition to all other taxes of every kind now imposed by law, every person, firm or corporation engaged in the business of selling electric power within the State of South Carolina shall be subject to the payment of an excise, license, or privilege tax of five-tenths of one mill upon each kilowatt hour of electric power sold in the State of South Carolina and said tax shall be paid to and collected by South Carolina Tax Commission: Provided, That if such seller procures electric power which has been subject to the payment of the excise, license or privilege tax hereinbefore provided a credit on said tax to the amount of the excise tax already required to be paid by the person, firm or corporation generating the same within this State shall be allowed: Provided, further, That the provisions of this Act shall not apply to the electric power manufactured or generated in another State and brought into this State until such power has lost its interstate character and immunities: Provided, further, That the provisions of this Act shall not apply to any person, firm or corporation owning and operating an electric manufacturing or generating plant of ten horse power or less, nor shall the provisions of this Act apply to industrial plants manufacturing or generating power for its own use, or for use upon its own premises by its bona fide operatives or employees but the tax shall be paid upon so much thereof as may be sold to other than its employees: Provided, further, That the provisions of this Act shall not apply to municipalities manufacturing or generating electricity for the use of its customers."

The right to recovery set out in the complaint is the allegation that "the act complained of and the assessment and the collection of the taxes as hereinafter complained of, deprived the plaintiff of its property and denied to it the equal protection of the laws, in violation of the Fourteenth Amendment of the United States Constitution."

The defendants demurred on the ground that no cause of action has been stated, and argument has been heard on the demurrers, with full consideration of the exhaustive briefs filed.

The effort is made in argument to differentiate the instant cases from the attack upon the Electric Power Tax Act made in the consolidated cases of South Carolina Power Company v. South Carolina Tax Commission, Broad River Power Company v. Query and Lexington Water Power Company v. Query on application for interlocutory injunction in each case (referred to as "The Power Tax Case"), decided by a statutory three-judge court, and reported in (D. C.) 52 F.(2d) 515.

This court, upon full consideration, is unable to find any point presented here which has not been fully considered in the opinion in the Power Tax Case, except the alternative suggestion that plaintiffs are entitled in the computation of the sales tax provided by subsection (c) of section 1 to a credit of the full generation tax paid by the plaintiffs under subsections (a) and (b), of section 1 rather than to the credit of the generation tax paid upon the power so sold and otherwise subject to the sales tax under said subsection (c). This credit provision is so evidently for the purpose of preventing a double tax on power sold that the point may be dismissed, without elaboration, as without force or merit under a proper construction of said subsection (c), and as contradictory of the clear intent of subsections

(a) and (b) to impose a tax upon gross generation, without any provision for credit on power generated and used by the plaintiffs in the process of generation and/or in line and system losses.

Every other method of the South Carolina Tax Commission in the assessment and computation of the taxes, complained of as discriminatory or otherwise, is entirely in conformity with the opinion on the constitutionality of the act by Judge Parker in the Power Tax Case (D. C.) 52 F.(2d) 515, 517; which opinion is so clear and comprehensive as to preclude any attempt at elaboration or analysis by this court.

The court there states that the Broad River Power Company attacks both the production and sales tax as being "violative of the due process and equal protection clauses of the Fourteenth Amendment and similar provisions in the Constitution of South Carolina (article 1, § 5)." Further, "The following questions, therefore, are raised by the cases before us: (1) Whether the statute violates the fundamental guaranties of due process and equal protection contained in the Fourteenth Amendment and in the Constitution of South Carolina."

Citing State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 543, 75 L. Ed. 1248, 73 A. L. R. 1464, the court quotes from the opinion of Mr. Justice Roberts, 52 F.(2d) 515, page 518: "The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not so be exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. Bell's Gap R. R. v. Pennsylvania, 134 U. S. 232, 10 S. Ct. 533, 33 L. Ed. 892; Southwestern Oil Co. v. Texas, 217 U. S. 114, 30 S. Ct. 496, 54 L. Ed. 688; Brown-Forman Co. v. Kentucky, 217 U. S. 563, 30 S. Ct. 578, 54 L. Ed. 883. The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, American Sugar Refining Co. v. Louisiana, 179 U. S. 89, 21 S. Ct. 43, 45 L. Ed. 102, or if any state of facts reasonably can be conceived to sustain it. Rast v. Van Deman [& Lewis Co.] 240 U. S. 342, 36 S. Ct. 370, 374, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Quong Wing v. Kirkendall, 223 U. S. 59, 32 S. Ct. 192, 56 L. Ed. 350. As was said in Brown-Forman Co. v. Kentucky, supra, at page 573 of 217 U. S., 30 S. Ct. 578, 580 [54 L. Ed. 883]: 'A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.' "

The court then says: "The purpose of the Legislature was evidently to tax the generation of electric current by the hydroelectric companies which utilize the water power in the rivers of South Carolina, one of the great natural resources of that state. The generation of current by the use of steam power was taxed because it is a matter of common knowledge that the hydroelectric companies use steam power to supplement water power in the production of their current, and also because current produced by steam power is the great competing factor on the market with current produced by water power. * * * We are satisfied that the classification of companies producing electricity by water power and steam for purposes of taxation is a reasonable one which must be sustained."

The Utah statute, passed upon in Utah Power & Light Co. v. Pfost, 286 U. S. 165, 52 S. Ct. 548, 555, 76 L. Ed. 1038, is cited in argument as not materially different from the South Carolina statute and as sustaining plaintiffs' contention that it was not the purpose of the act to levy the tax upon all power generated. The court, however, in that case, construed the act as providing in explicit language for a tax on electricity and electrical energy manufactured for barter, sale, or exchange, and held that although the tax must be paid on such electrical energy "measured at the place of production," that it was not intended to apply to such power as was used in the manufacture of energy and in line and system losses, which could by proper methods be determined and fixed with reasonable exactness. The court says: "The point made is that a tax on energy generated specifically for barter, sale, or exchange, and a tax on all energy generated or produced in the state are en-

672

tirely different things. The force of the contention depends upon the construction of the act. We are of opinion * * * that the act, in harmony with the title, imposes a tax only upon the energy which is generated for barter, sale, or exchange."

There is no such provision in the South Carolina statute, but a clear intent to tax all power generated or produced, and the suggestion that plaintiffs are thereby deprived of their property without due process of law is fully and clearly disposed of in the opinion in the Power Tax Case.

It is therefore ordered that the demurrers herein be sustained, and that the consolidated causes be, and the same are, hereby dismissed.