John L. MANNING, and Carlyn T. Manning, husband and wife, Petitioners-Appellees,

v.

Joaquin G. BLAZ, Director of Revenue and Taxation Government of Guam, Defendant-Appellant.

GENERAL INSURERS, INC., Petitioner-Appellee,

v.

Joaquin G. BLAZ, Commissioner of Revenue and Taxation, Respondent-Appellant.

Nos. 72–1204, 72–1206.

United States Court of Appeals, Ninth Circuit.

April 5, 1973.

Rehearing and Rehearing En Banc Denied July 5, 1973.

David Carmack (argued), Dept. of Justice, Washington, D. C., Vincent T. Ferez, Atty. Gen., Gerald E. Stinson, Asst. Atty. Gen., Agana, Guam, for defendant-appellant.

W. S. Barrett (argued), Barrett, Ferenz & Bramhall, Agana, Guam, for petitioners-appellees.

David English Carmack, U. S. Atty. (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for amicus curiae.

David English Carmack, U. S. Atty. (argued), Dept of Justice, Washington, D. C., Gerald E. Stinson, Asst. Atty. Gen., Agana, Guam, for respondent-appellant.

W. S. Barrett (argued) Barrett, Ferenz & Bramhall, Agana, Guam; Thomas J. Nolan, Agana, Guam, for petitioner-appellee.

Before CHAMBERS, ELY, and WALLACE, Circuit Judges.

PER CURIAM:

These appeals involve the applicability of certain sections of the Internal Revenue Code to transactions which have their taxable locus in Guam. By virtue of the Organic Act of Guam,[1] Congress gave Guam a tax structure of its own, patterned closely after the tax system of the United States, but with collections made by and revenues going to the government of Guam. After amendments in 1958,[2] the final effect is that the Internal Revenue Code is in virtual full force and effect in Guam.

The Mannings are citizens of the United States and non-residents of Guam. General Insurers has among its shareholders at least three non-residents of Guam. The government of Guam denied the Mannings the right to file a joint return,[3] and the right to a standard deduction.[4] It denied General Insurers the right to a subchapter S election.[5] The taxpayers filed these cases in the district court, seeking a redetermination of their deficiencies. That court granted a summary judgment in their favor, and the government appealed. We affirm.

Non-resident aliens in the United States and Guam do not enjoy the tax advantages these taxpayers sought. Thus, the sole issue in this appeal is whether a non-Guamanian United States citizen, not a resident of Guam, is to be treated as a non-resident alien for Guamanian tax purposes.

We previously considered the right of non-resident aliens of Guam to file a Guamanian joint return in Flores v. Government of Guam, 444 F.2d 284 (9th Cir. 1971). There we noted that the government's ability to classify Flores as a non-resident alien depended upon the availability of I.R.C. § 932. However, we held that § 932 was inapplicable to Guam, and therefore Flores could not be denied the right to a joint return by virtue of that section. 444 F.2d at 288–89.

The rule of Flores controls the Mannings' right to file a joint return. Furthermore, we perceive no basis for distinction of the claims for a standard

1. Act of Aug. 1, 1950, ch. 512, § 31, 64 Stat. 392 (48 U.S.C. § 1421i).

2. Act of Aug. 20, 1958, Pub.L.No.85–688, § 1, 72 Stat. 681.

3. Int.Rev.Code of 1954, § 6013(a)(1).

4. Int.Rev.Code of 1954, § 142(b)(1).

5. Int.Rev.Code of 1954, § 1371(a)(3).

deduction and a Subchapter S election since the denial of these claims was also founded upon a finding of non-resident alien status.[6]

Affirmed.

---

6. The recent passage of Pub.L.No.92-606, 86 Stat. 1494 (Oct. 31, 1972), adopted a special tax system for Guam and amended Code Section 932. These changes will eliminate the problems presented by these cases.

Appellant principally relies upon Sayre & Co. v. Riddell, 395 F.2 407 (9th Cir. 1968) (en banc). That case upheld the classification of a Hawaii company as a foreign corporation for Guamanian tax purposes. *Flores*, however, concerned individuals and is controlling here.