FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

June 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CASTLEWOOD, INC.,                    (

                                     (

    Plaintiff-Appellant,            (

                                     (

                                     (  Anderson County

v.                                   (

                                     (  Hon. William E. Lantrip,

                                     (  Chancellor

ANDERSON COUNTY, TENNESSEE; PATSY    (

STAIR, TRUSTEE; OWEN K. RICHARDSON,  (  S. Ct. No. 03S01-9705-CH-00053

TAX ASSESSOR; CITY OF OAK RIDGE,     (

TENNESSEE; AND THE TENNESSEE STATE   (

BOARD OF EQUALIZATION,               (

                                     (

    Defendants-Appellees.           (

For Plaintiff-Appellant:                For Defendants-Appellees:

Bernard E. Bernstein                    David A. Stuart
Knoxville                               Clinton

Doris C. Allen                          Robert W. Wilkinson
Knoxville                               Oak Ridge

                                        John Knox Walkup
                                        Attorney General & Reporter
                                        Nashville

                                        Michael E. Moore
                                        Solicitor General
                                        Nashville

                                        Christine Lapps
                                        Assistant Attorney General
                                        Nashville

**O P I N I O N**

JUDGMENT OF COURT OF
APPEALS AFFIRMED.                                    REID, SP. J.

This case presents for review the Court of Appeals'
decision that the classification as industrial and commercial of two
or more condominium units rented by the owner to others for their use
as residences does not violate Article II, Section 28 of the
Tennessee Constitution.  Nor does the statute violate the equal
protection clause of the United States Constitution.[1]  That decision
is affirmed.[2]

**I**

The essential facts were stipulated.  Pursuant to the
Horizontal Property Act,[3] the plaintiff, Castlewood, Inc., developed
in Oak Ridge a real estate condominium project consisting of 86 two-
bedroom units situated in 19 separate buildings containing from four
to six units or apartments each.  The units were offered for sale as
separate residences.

Six units that had been sold to individual owners were

---

[1] See U.S. Const. Amend. XIV, § 1. The Court of Appeals did not consider the federal constitutional issue but it is asserted on this appeal.

[2] The record is insufficiently developed to address the procedural issues raised by the defendants - whether Castlewood failed to pay the disputed taxes under protest, whether failing to pay the taxes under protest prohibits an appeal of the assessment, and whether a taxpayer must appeal an assessment to the State Board of Equalization before proceeding to Chancery Court.  Furthermore, the parties stipulated as follows:

Castlewood appealed the action taken to the appropriate governmental agencies.  The appeal ultimately reached the Assessment Appeals Commission which affirmed the Anderson County Board of Equalization and issued its official certificate on May 4th, 1993. . . .  As provided for in the certificate, a dissatisfied party is entitled to judicial review by filing a petition in Chancery Court within sixty days of the date of the certificate.

[3] Tenn. Code Ann. § 66-27-101 et seq (1993).

classified by the county property assessor as residential property and assessed for county and city taxes at 25 percent of value, while the remaining 80 units, which were held by Castlewood to be rented to separate occupants, were classified as industrial and commercial property and assessed at 40 percent of value.

The trial court found that the units owned by Castlewood should be classified as residential property. The Court of Appeals reversed, holding that the rental units are industrial and commercial property within the meaning of Article II, Section 28 of the Tennessee Constitution.

I

Article II, Section 28 classifies real property into four categories: public utility, industrial and commercial, residential, and farm. The constitution does not further define the classes of property other than to state, "residential property containing two (2) or more rental units is hereby defined as industrial and commercial property." The distinction between industrial and commercial and residential is set forth in the statute:

> "Industrial and commercial property" includes all property of every kind used, directly or indirectly, or held for use, for any commercial, mining, industrial, manufacturing, trade, professional, club (whether public or private), nonexempt lodge, business, or similar purpose, whether conducted for profit or not. All real property which is used, or held for use, for dwelling purposes which contains two (2) or more rental units is hereby defined and shall be

classified as "industrial and commercial property."

Tenn. Code Ann. § 67-5-501(4)(1994).

"Residential property" includes all real property which is used, or held for use, for dwelling purposes and which contains not more than one (1) rental unit. All real property which is used, or held for use, for dwelling purposes but which contains two (2) or more rental units is hereby defined and shall be classified as "industrial and commercial property."

Tenn. Code Ann. § 67-5-501(10)(1994).

Neither the constitution, these statutes, nor the Horizontal Property Act makes any specific reference to the classification of condominium property for taxation purposes. The Horizontal Property Act provides that taxes on condominiums "shall be assessed against and collected on each individual apartment, each of which shall be carried on the tax books as a separate and distinct entity for that purpose, and not on the building or property as a whole." Tenn. Code Ann. § 66-27-120(a) (1993). Castlewood insists that because the Horizontal Property Act deems each condominium unit to be a separate parcel for ownership and taxation purposes, its 80 condominium units are separate residential dwellings rather than "two or more rental units." The provisions of the Horizontal Property Act do not support the taxpayer's position.

There is no mistaking the meaning of the constitutional

provision or the statute.  The buildings owned by Castlewood contain two or more rental units held for dwelling purposes.  Neither the constitution nor the statute suggests that condominiums should be classified for assessment purposes differently than other residential property.  Consequently, the appropriate classification of the plaintiff's multiple condominium units is industrial and commercial.

## II

In <u>Snow v. City of Memphis</u>, 527 S.W.2d 55 (Tenn. 1975), the taxpayer claimed that the constitutional amendment defining residential property containing two or more rental units as commercial property violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.  In that case, the Court first noted the latitude given the states in matters of governance:

> "The States have a very wide discretion in the laying of their taxes.  . . . the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests.  Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment.  But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation."

<u>Id</u> at 64 (quoting <u>Allied Stores of Ohio, Inc. v. Bowers</u>, 358 U.S. 522, 79 S. Ct. 437 (1959)).

The Court then held that the State's action will be sustained if there is a "rational basis" for the classification:

> "But there is a point beyond which the State cannot go without violating the Equal Protection Clause.  The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary.  The rule often has been stated to be that the classification 'must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' (Citations omitted.) 'If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.' <u>Brown-Forman Co. v. Commonwealth of Kentucky</u>, 217 U.S. 563, 573, 30 S. Ct. 578, 580 [(1910)] <u>State Board of Tax Com'rs of Indiana v. Jackson</u>, 283 U.S. 527, 537, 51 S. Ct. 540, 543 [(1931)].  That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy."

<u>Id.</u> at 64-65.  It concluded that the test of whether a classification which discriminates will survive an equal protection challenge of arbitrariness, is whether "any state of facts reasonably can be conceived that would sustain it."  <u>Id.</u> at 65.

The Court in <u>Snow v. City of Memphis</u>, found that "[t]he purpose and objective of the [amendment to Article II, Section 28] is to tax income-producing property at a higher rate than owner-occupied residences and farms."  <u>Id</u>. at 66.

> . . . [I]t is clear that there is discrimination in favor of the real property owner who lives in

one-half of a duplex and rents the other half and in favor of the real property owner who rents one or more single-family residences. There is substantial proof in the Nashville case that single-family residences for rental purposes make a poor investment. The cost of land on the one hand and the savings to be effected in the construction and operation of multi-unit apartments render it inconceivable that any investor would be in the business of renting single-family residences. It is obvious that the Convention and the people deemed it reasonable to embrace within the favored classification of a owner-occupied residence, owners of additional single-family residences and the owner who lives in one-half of his duplex.

Id at 66. This favored classification does not extend to the owner of the 80 condominium rental units which are, to the owner-taxpayer, income producing property.

The decision of the Court of Appeals is affirmed, and costs are taxed against Castlewood, Inc.

_____
Lyle Reid, Special Justice

Concur:

Drowota, Birch, and Holder, JJ.

Anderson, C.J. - Not participating.