The CHIEF JUSTICE
 

 delivered the opinion of the court in all the casés.
 

 The first question to be considered is one of jurisdiction. It is insisted, in behalf of the defendants in error, that the judgment of the New York Court of Appeals is not subject to review in this court.
 

 But is it not- plain, that under the act of the legislature of New York the banking associations were entitled to reimbursement by bonds of the taxes illegally collected from them in.1863 and 1(864 ?
 

 No objection was made in the State court to the process by which the associations sought to enforce the issue of the bonds to which they asserted their right.. Mandamus to the officers charged with the execution of the State law seems to have been regarded on all hands as the appropriate remedy.
 

 But it was objected on the part of those officers, that the particular description of obligations, of the tax on which the associations claimed reimbursement,,were, not exempt from taxation. The associations, on the other hand, insisted that these obligations were exempt under the Constitution and laws of the United States. If they were so exempt, the associations were entitled, to the relief which they sought. The judgment of the Court of Appeals denied the relief upon the ground that certificates of indebtedness were not entitled to exemption. Is it not clear that, in the ease 'before the State court, a right, privilege, or immunity was claimed under the Constitution or a statute of the United States, and that the- decision was against the right, privilege, or immunity claimed? And, therefore, that the jurisdiction of this court to review that decision is within the express words of the amendatory act of February' 5th, 1867? There
 
 *23
 
 can be but one answer to this question. "We .can find-no ground for doubt on the point of jurisdiction.
 

 The general question upon the merits is this:
 

 Were the obligations of the United States, known as certificates of indebtedness, liable to State taxation? •
 

 7 If this question can be affirmatively answered, the judgments of the Court of Appeals must be affirmed; if not, they must be reversed.
 

 Evidences of the indebtedness of the United States, held by individuals or corporations, and sometimes called stock or stocks, but recently better known as bonds or obligations, . have uniformly been held by this court not to be liable to taxation under State legislation.
 

 The authority to borrow money on the credit of the, United States is, in the enumeration of the powers expressly granted by the Constitution, second in place, and only second in importance to the authority to lay and collect taxes. Both are given as means to the exercise of the functions of government under the Constitution; and both, if neither had been expressly conferred, would be necessarily implied from other powers. Eor no one will assert that without them the,great powers — mentioning no others — to raise and support armies, to provide and maintain a navy, and to carry on. war, could be exercised at all; or, if at all, with adequate efficiency.
 

 And no one affirms that the power of the government -to borrow, or the action .of the government in borrowing, is subject to taxation by the States.
 

 There are those, however, who assert that, although the States cannot tax the exercise of the powers of the government, as for example in the conveyance of the mails, the transportation of troops, or the borrowing of money, they may tax the indebtedness of the government when it .assum'es the form of obligations held by individuals, and so becomes in a certain sense private property.
 

 This court, however, has constantly held otherwise.
 

 Forty years ago, in the case of
 
 Weston
 
 v.
 
 The City of
 
 Charles
 
 *24
 

 ton,
 
 this court, speaking through Chief Justiee Marshall, said:
 
 *
 

 “ The American people have conferred, the power of- borrowing money upon their government, and by making that government supreme have shielded its action in the exercise of that power from the action of the local governments. The grant of the, power is incompatible with a restraining-or controlling power, and the declaration of supremacy is a declaration ..that no such restraining or controlling power shall be exercised.”
 

 A nd applying these principles the court proceeded to $ay:
 

 “
 
 The right to tax the, contract to any extent, when made, must operate on the power to borrow before it is exercised, and have a sensible influence on the contract. The extent of'this influence depends on the will of a distinct government. To any extent, however inconsiderable, it is a burden upon the operations of the government. It may be carried to an extent which shall arrest them entirely.”
 

 And finally:
 

 ' “A tax on government stock is thought by this court to be a tax on the contract, a tax on the power to borrow money on the credit of the United States, and consequently repugnant to the Constitution.*
 

 Nothing need be added to this, except that in no case decided since have these propositions been retracted or qualified. The last cases in which the power of the States to tax the obligations of the government came directly in question were those of the
 
 Bank of Commerce
 
 v.
 
 The City of New
 
 York,
 
 †
 
 in 1862, and the
 
 Bank Tax Case,
 

 ‡
 

 in 1865, in -both'of which the power was denied.
 

 An attempt was made at the'bar to establish a distinction between the bonds of the government expressed for loans of "money-and the certificates of indebtedness for which the exemption was claimed. The argument was ingenious, but failed to convince us that such a distinction can be main
 
 *25
 
 tained. It may be admitted that these certificates were issued in payment of supplies and in satisfaction of demands of public creditors. But we fail to perceive either that there is a solid distinction between certificates of indebtedness issued for money borrowed and given to creditors, and certificates of indebtedness issued directly to creditors in payment of their demands; or that such certificates, issued as a means of .executing constitutional powers of the government other than of borrowing money, are not as much beyond control and limitation'by the States through taxation , as bonds or other obligations issued for loans of money.
 

 ; The principle of exemption is, that the State's cannot control the national government within the sphere of its constitutional powers — fifi' there it is supreme — and cannot tax its obligations for payment of money issued for purposes within that range of powers, because such taxation necessarily implies the assertion of the right to exercise such ■control.
 

 The certificates of indebtedness, in thé case before us, are completely within the protection of this principle. For ’the public history of the country and the acts of Congress show that they wére issued to creditors for supplies necessary to the government in carrying on the recent war for the in-, tegrity of the Union and the preservation of our republican institutions. They were received instead of money at a time when full money payment for supplies was impossible, and according to the principles of the cases ■ to which we have ■ referred, are as much beyond the taxing power of.the-States as the operation's themselves in furtherance of which they were issued.
 

 It results that the several judgments of the Court of Appeals must be
 

 Reversed.
 

 
 *26
 
 Note. — At the sanie time with the cases just disposed of was decided another, from the same court, involving the same question of the right to tax as they did, but differing from them in certain respects. It is here reported:
 

 *
 

 2 Peters, 467.
 

 †
 

 2 Black, 628.
 

 ‡
 

 2 Wallace, 200.