State, Mutual Life & Casualty Ins. Co., pros., v. Haight, Collector, &c.

---

THE STATE, THE MUTUAL LIFE AND CASUALTY INSUR-
ANCE COMPANY, PROSECUTORS, v. JOHN B. HAIGHT,
COLLECTOR, &c., OF JERSEY CITY.

1. The act of congress of July, 1862, enacting that all stocks, bonds, and other securities of the United States held by individuals, corporations, or associations, shall be exempt from taxation, by or under state authority, was only declaratory of the result of previous adjudication.
2. Such securities are also exempt from taxation by section five of the tax law of 1866.
3. Certificates which seem to have been given for a loan are of that class of securities which are exempted from taxation.

On *certiorari.* In matter of taxation.

The company was incorporated 13th of February, 1866, by the name of the United States Casualty Company, for insur-ance against death, casualties, &c., with a capital of $100,000. By the charter, the whole capital stock was to be vested in securities of the United States or state of New Jersey and deposited with the state treasurer. This was done, and the deposit made 3d of April, 1867. In April, 1868, the name of the company was changed to " The United States Mutual Life and Casualty Insurance Company," and power given to

State, Mutual Life & Casualty Ins. Co., pros., v. Haight, Collector, &c.

increase the capital stock to $300,000, and to vest or re-invest the same in bonds and mortgages on lands in New Jersey, and in bonds and stock of this state and of the United States, and requiring that $100,000 of the capital stock should be vested in United States securities, or bonds and mortgages approved of by the treasurer of the state and deposited with him. In the spring of 1868, and subsequently to the deposit of $100,000 with the treasurer, the company went into operation in Jersey City, and in December of same year, there having been no increase of capital above the $100,000, they were notified of the tax on the whole amount of their capital, $100,000, deposited as aforesaid, amounting to $2,064. The corporation appealed from the assessment, and the commissioners of appeal affirmed it.

The case was argued by

*Jos. F. Randolph* and *Ashbel Green*, for the prosecutors.

*A. K. Brown*, for the defendant.

The opinion of the court was delivered by

BEDLE, J. The prosecutors are a corporation of this state, and the assessment complained of is for the year 1868, upon their capital stock, being $100,000, the whole of which is invested in securities of the United States, and deposited with the treasurer of this state, as a guarantee to the parties insured, under the requirements of an act of the legislature of April 7th, 1868, (*Laws* 1868, *p.* 848, § 7.) By the act of congress, February 25th, 1865, *p.* 346, § 2, it was enacted that all stocks, bonds, and other securities of the United States, held by individuals, corporations, or associations, shall be exempt from taxation by or under state authority. This was only declaratory of the result of previous adjudication, but it put at rest all question upon the subject. The exemption from the power of state taxation of corporate capital when invested in such securities, to the

extent of the investment, in the absence of congressional permission to tax it, as in the case of the national banks, is also so clearly established, both by decisions in the courts of the United States and in this state, whenever the tax is sought to be imposed upon the stock, against the corporation or in the hands of the individual owners, as to render unnecessary any further discussion of the question. The following cases are conclusive upon it: *Bank of Commerce* v. *N. Y. City*, 2 *Black* 620; *Bank Tax Case*, 2 *Wallace* 200; *Newark City Bank* v. *Newark*, 1 *Vroom* 13; *State* v. *Haight*, 2 *Vroom* 400; *State* v. *Hart*, 2 *Vroom* 435.

These securities are also expressly exempted from taxation by section five of the tax act of 1866,* (*Laws* 1866, *p.* 1079.) That act of 1866, like the tax act of 1862, did not contemplate a tax upon the franchises of corporations of this state, but upon their property, regarding the capital stock as a part of it. *Newark City Bank* v. *Newark*, 1 *Vroom* 13. And the exemption in the fifth section of the act of 1866 is a clear indication that the legislature had no intention of attempting to tax such securities or any part of the property of the corporation.

The precise character of the securities in question is not stated. The case proposed, terms them "United States securities." The copy of the treasurer's receipt before us designates them as United States certificates of certain numbers—$50,000 of the loan of 1862, and $50,000 of the loan of 1865. Certificates were recognized by this court in the case of *Newark City Bank* v. *Newark*, as United States securities, and the Supreme Court of the United States in 7 *Wall.* 16, *Bank* v. *Mayor*, regarded certificates given for an indebtedness for supplies as securities exempt from state tax. The certificates in this case seem to have been for a loan, and are undoubtedly of the class of securities exempt from state taxation.

The assessment must be set aside.

CITED *in State, Internat. Life Assur. Co., pros., v. Haight*, 6 *Vroom* 280.

* *Rev., p.* 1151, § 64.