DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1899.

---

THE HOWARD SAVINGS INSTITUTION, PLAINTIFF IN ERROR, v. THE MAYOR, &c., OF THE CITY OF NEWARK ET AL. DEFENDANTS IN ERROR.

63 547·
63o 428
━━━
63 547
e68 160,
68 489.

Argued June 28, 1899—Decided November 20, 1899.

1. The property of the United States and the bonds and securities issued by the United States are not taxable by or under the authority of any state without the permission of the United States. They owe their exemption from such taxation to their nature and character and not to laws of the state requiring such exemption.

2. The supplement to the Tax law of April 11th, 1866, by section 5, as amended by the further supplement of May 16th, 1894, expresses a legislative intent to exempt from taxation the property and the bonds and securities of the United States absolutely and without qualification.

3. The act of congress of August 13th, 1894, may be construed as permitting states to tax some of such securities as are in question in this case, and to that extent their non-taxability has been removed. But no subsequent legislation of this state has imposed the burden of taxation upon such securities. Taxing officers acquired no power to assess such securities for taxation from the act of congress, for the state legislature must determine what property shall be taxed; nor from our tax laws, for the rule presented thereby absolutely exempted such securities from taxation.

547

4. The requirements of section 1 of the supplement to the Tax law of February 23d, 1885, that an owner claiming exemption of such property from state taxation must furnish the taxing officers a detailed list of his securities and of the dates at which they were purchased, will be complied with by a statement of such securities in detail without a statement of the dates of purchase, when such securities are not the subject of purchase but are issued to circulate and do circulate as money and they have been received by the owner in the ordinary course of business.

On error to the Supreme Court. For opinion of Supreme Court, see *ante p.* 65.

For the plaintiff in error, *John O. H. Pitney.*

For the defendants in error, *Frederick T. Johnson.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The judgment of the Supreme Court brought here by this writ of error affirmed an assessment for taxes made for the year 1898 by the taxing authorities of the city of Newark upon the plaintiff in error by reason of its ownership of certain notes and gold and silver certificates of the United States of America. The judgment proceeded upon the ground that such property was not exempted from state taxation as had been claimed by plaintiff in error.

The reasons for the conclusion reached by the Supreme Court are expressed in the opinion of Mr. Justice Depue. *Ante p.* 65.

The nature and character of such notes and certificates, and how they became the property of the plaintiff in error, appear in a stipulation of counsel upon which the case was presented to the Supreme Court, and are correctly set out in the prefatory statement of the opinion below.

The sole contention in this court is that the property in question was exempt from state taxation, and that the judgment of the Supreme Court subjecting it to such taxation was erroneous.

On the part of defendants in error, it is not contested that property of the United States, and the bonds and securities issued by its agencies in the performance of the functions of its government, are incapable of being taxed by the states except by the permission of the general government. From the time when *McCulloch* v. *Maryland,* 4 *Wheat.* 316, was decided, an unbroken line of cases adopting the principles of that decision, and too well known to require citation, has established the inherent non-taxability by the states of property held by the United States, and of bonds and obligations issued by the United States and held by individuals or corporations, except by such permission.

That notes of the United States of the character of those which are in question here possess this inherent non-taxability is not open to question. *Banks* v. *Mayor,* 7 *Wall.* 16; *Bank* v. *Supervisors, Id.* 26; *Newark City Bank* v. *Assessors, &c.,* 1 *Vroom* 13; *Mutual Life, &c.,* v. *Haight,* 5 *Id.* 128; *International, &c., Co.* v. *Haight,* 6 *Id.* 279; *Fox, &c.,* v. *Haight,* 2 *Id.* 399; *Wisconsin Central Railway Co.* v. *Price Co.,* 133 *U. S.* 496.

The gold and silver certificates which are also in question are, within the reason of the matter and the principles laid down in the cases just cited, obligations of the United States, dependent on the credit of its promise and serving a function of the general government, and, therefore, likewise exempt from the interference of the states by the imposition of taxes. They are as much " securities " of the United States as are the notes above mentioned and which, like them, circulate as money.

The opinion below discusses the effect of the legislative exemption contained in our tax laws. Such legislative acts, in respect to such property and securities as are inherently exempt from taxation by reason of their nature and the inability of the states to impose taxes thereon, are not the foundation of exemption, but are enacted from abundant caution and as a guide to the officers charged with the assessment of taxes. *Van Brocklin* v. *Tennessee,* 117 *U. S.* 151.

Although clauses of exception contained in the tax laws of the state add nothing to the inherent non-taxability of such securities as are in question in this case, we are compelled to consider and construe the exemption contained in them, because of the further contention made on behalf of the city. That contention is this, viz., that by our tax laws a legislative intent appears to tax all such property as the state has a right to tax ; that the exemption clause in those laws expressed an intent to exempt such securities only when they were " by law exempt from taxation ;" that the act of congress of February 25th, 1862 (12 *Stat. L., p.* 346), enacted that all stocks, bonds and other securities of the United States, held by individuals, corporations or associations within the United States, should be exempt from taxation by or under state authority ; that by section 3701 of the United States Revised Statutes. (*Rev. Stat. U. S., p.* 706) it was enacted that all stocks, bonds, treasury notes and other obligations of the United States should be exempt from taxation by or under state or municipal or local authority ; that these were laws exempting from state taxation such securities as are here in question ; that by the act of congress of August 13th, 1894, entitled "An act to subject to state taxation national bank notes and United States treasury notes " (*Sup. Rev. Stat. U. S., p.* 278, §§ 93, 94) it was enacted that such securities as are here in question should be subject to taxation " as money on hand or on deposit under the laws of any state or territory," and that under the provisions of the last-cited act such securities became no longer " by law exempt from taxation," and therefore were in 1898 properly subjected to taxation by defendants in error.

The exemption clause, the construction of which is rendered necessary by this contention, was originally contained in section 5 of an act entitled "A further supplement to an act entitled 'An act concerning taxes,'" approved April 14th, 1846, which supplement was approved April 11th, 1866 (*Pamph. L., p.* 1078), which section was amended by an act entitled "An act to amend an act entitled 'A further supplement to an act entitled "An act concerning taxes,"'" ap-

proved April 14th, 1846, which supplement was approved April 11th, 1866, which amendatory act was passed May 16th, 1894. *Pamph. L., p.* 354.

The pertinent clause of the act of 1866, above cited, as printed in the pamphlet laws, read thus : "That the following persons and property shall be exempt from taxation, viz. : 1. The property and the bonds and securities of the United States and the bonds and securities of this State, which are by law exempt from taxation." The clause as amended by the act of 1894, above cited, as printed in the pamphlet laws, read thus : "That the following persons and property shall be exempt from taxation, namely : 1. The property and the bonds and other securities of the United States, and the bonds and securities of this State which are by law exempt from taxation."

It will be observed that in the act of 1866, as printed, a comma separated the word "State" from the phrase "which are by law exempt from taxation." In the amendatory act of 1894, as printed, the comma in question was omitted.

Much consideration was given in the argument and opinion in the Supreme Court, as well as in the argument before us, to the question of the effect to be attributed in the construction of a legislative act, to its punctuation.

At the suggestion of a member of the court, made at the argument, the counsel of the parties examined the original acts, on file in the office of the secretary of state, and have united in a statement that the act of 1866 was incorrectly printed in the pamphlet laws, because there was no comma after the word "State" in that act, and that the act of 1894 was correctly printed in the pamphlet laws.

The punctuation of a legislative act will not control its evident meaning. But punctuation is one of the means for discovering the legislative intent.

Looking at the punctuation of the original acts, it is obvious that the phrase "which are by law exempt from taxation" is, by the method employed, indicated as applicable to the things included in the same clause, viz., "the bonds and

securities of this State," and as not applicable to the previous clause, " the property and the bonds and the other securities of the United States," from which clause the phrase is separated by a comma. The indication therefore is that the legislative intent was to exempt from taxation the things included in the first clause without reference to whether there existed any law requiring such exemption. Such indication of intent should control the construction of the act unless a contrary intent is elsewhere discoverable in it. No other intent is discoverable in the act. On the contrary, the legislative intent, indicated by the collocation of these clauses, plainly otherwise appears.

In the first place the phrase " which are by law exempt from taxation" is not germane or properly applicable to the property and securities of the United States, which, as we have seen, owe their exemption not to the provisions of any positive law but to the non-taxability inherent in their nature and character.

In the next place the construction contended for would require the inference that the legislature intended to impose taxation upon the property of the United States within this state. For no law has been cited or discovered purporting to exempt such property from taxation. The act of congress, of 1862, and the section of the United States Revised Statutes above cited operate alone upon the various bonds and securities issued by the United States. Yet, property of the United States within this state was undoubtedly beyond the power of state taxation. A construction of this act which would attribute to the legislature an intent to subject it to state taxation is wholly inadmissible.

Lastly, the phrase " which are by law exempt from taxation" aptly characterized the things with which it was included in this clause, viz., " the bonds and securities of this State," because there were such bonds and securities which were by law exempt from taxation, while there were other state bonds and securities which were not. When a phrase aptly relates to one subject, or class of subjects, and is inapt

in its relation to others, the better construction will confine its application to the former.

It results that the exemption of the property and the bonds and the securities of the United States, by the acts under consideration, was absolute and unqualified.

This result disposes of the contention under consideration. The amendatory act of May 16th, 1894, before cited, ante-dated the act of congress of August 13th, 1894. It is true that the last-mentioned act may be construed to make subject to state taxation at least some of the securities which were taxed in this case. But this language cannot be construed as empowering state tax officials, without state legislation, to impose taxes thereon. It is not for congress but for the state legislature to determine what shall be taxed. The act of congress undoubtedly gave permission to the state to impose its taxes on the securities named therein, and to that extent removed the quality of non-taxability otherwise inherent therein. The state might, therefore, tax such securities or it might decline to do so.

No act imposing taxes on such securities has ever been passed since the act of congress took effect.

The previously-existing Tax law of 1866, as amended in 1894, contained the sole regulation in the year 1898, in respect to such property as the tax officials could assess for taxation. The provisions of those acts cannot be deemed to extend to the securities which are the subject of the assessment before us, because, as we have seen, they were thereby absolutely and without qualification exempt from taxation.

It is further contended that, if the securities in question are exempt from taxation, the plaintiff in error is not entitled to such exemption because it failed to comply with the provisions of section 1 of the supplement to the Tax act approved February 23d, 1885. *Gen. Stat.*, *p.* 3310. The default alleged is in a supposed failure to furnish to the taxing officers a detailed list of the securities claimed to be exempt and of the dates at which they were purchased.

It is, perhaps, open to question whether securities inherently untaxable by state authority can be made subject to such taxation by reason of the owner's failure to disclose the details of his ownership and his acquisition of them. *New Jersey Zinc Co.* v. *Hancock, ante p.* 506. But it is unnecessary to decide that question, for the statement of plaintiff in error is deemed to be sufficient under the provisions of the act appealed to. There was a detailed list furnished: It did not contain the dates at which plaintiff in error acquired the notes and other securities, but it did appear that they were such as circulated as money and were received by plaintiff in error on deposit by its depositors or on payment of obligations due to it. They were not the subject of purchase, nor were they purchased within the meaning of the act in question. There was, therefore, no failure of any duty imposed by that act in failing to state the dates of their purchase.

The judgment must therefore be reversed, and a judgment entered vacating and annulling the assessment of taxes upon plaintiff in error which is complained of in this case.

*For affirmance*—HENDRICKSON. 1.

*For reversal*—THE CHIEF JUSTICE, DIXON, GARRISON, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, VREDENBURGH. 9.