DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEALS OF CITY OF EAST ORANGE, PETITIONER, v. JOSHUA HENDY IRON WORKS, RESPONDENT.

(For the years 1943, 1944 and 1945.)

Decided March 12, 1946.

For the petitioner, *Walter C. Ellis.*

For the respondent, *Burtis S. Horner.*

CONKLIN, COMMISSIONER. By stipulation between counsel, the above entitled appeals for the years 1943 and 1944 were tried together, and as they involve the same questions there is no difficulty in either the conducting of the hearing or in the conclusion that both matters involve common questions of law and fact. By further stipulation it was agreed that the appeal for the year 1945 should be decided on the same testimony and briefs, there being no change in the assessment, the property or relationship of any of the parties.

The City of East Orange assessed Block 81, Lot 1, also known as No. 2 Fourth Avenue, in that city, for $500,500 for each of the years 1943, 1944 and 1945. Of that sum, $114,000 was apportioned to land and $386,500 was apportioned to improvements. The matter was heard by the Essex County Board of Taxation, and they reduced the total assessment for each year by $100,000, which was found to be the value of the building hereinafter referred to as Building No. 79. The County Board assessed the land at $114,000 and the improvements at $286,500. At the hearing it developed that there was no testimony, nor was there any objection to the assessment of the land. The question evolves into one of ownership of a certain building constructed upon the said land of the taxpayer.

During World War II the United States Government found it necessary to accelerate our manufacturing industry and change from a peace-time economy to a war-time economy. To this end they used every possible inducement to expand existing industry. The Crocker-Wheeler Electric Manufacturing Company, which formerly owned the property, entered into such an agreement with the Navy Department of the United States, and this agreement was later taken over and adopted as the contract of the Joshua Hendy Iron Works, the respondent in this appeal. The contract was No. BS 91, and was offered in evidence at the hearing. It called for the construction of the building to be known as No. 79, on land owned by the taxpayer, but title to the building was to vest in the Government of the United States. Moneys were advanced by the federal government to be used in payment for the facilities as the construction took place, and then the taxpayer, Joshua Hendy Iron Works, was given the right to use the facilities upon payment of rent. The rent was figured upon gross sales made by the taxpayer.

Under the provisions of the said agreement, it was provided that no part of the building or the equipment therein was to become a fixture by reason of the affixation. Reading the contract in its entirety, it was clearly the intention of the parties that Building No. 79 was to remain personalty and title was to remain in possession of the federal government.

It is possible for title to land to be in one person and title to the building to be in another. *U. S. Shipping Board Emergency Fleet Corp. et al.* v. *City of Gloucester, New Jersey Tax Reports,* 1912-1934, *p.* 266.

The fact that the building was constructed brick by brick, the fact that it is not easily removable, does not make it realty, if to do so would be contrary to the intention of the parties.

There is no question but that property of the United States Government is expressly exempt from taxation. *Howard Savings Institution* v. *Newark,* 63 *N. J. L.* 547; 44 *Atl. Rep.* 654.

The action of the Essex County Board of Taxation is affirmed. The land shall be assessed at $114,000 and the improvements at $286,500 for the years 1943, 1944 and 1945.