**BANK OF AMERICA, NATIONAL TRUST & SAVINGS ASSOCIATION, Petitioner-Appellant,**

v.

**Manuel A. CHACO, Director of Revenue and Taxation, Government of Guam, Respondent-Appellee.**

**No. 74–2978.**

United States Court of Appeals, Ninth Circuit.

July 8, 1976.

Rehearing and Rehearing En Banc Denied Oct. 28, 1976.

Walter S. Ferenz (argued), of Barrett, Ferenz, Baramhall & Klemm, Agana, Guam, for petitioner-appellant.

Philip Howard Jacobsen, Asst. Atty. Gen. (argued), Agana, Guam, for respondent-appellee.

OPINION

Before BROWNING and KENNEDY, Circuit Judges, and WONG,* District Judge.

PER CURIAM:

Appellant Bank of America contends that since it is compelled to pay the Guam territorial income tax as imposed by § 31 of the Organic Act of Guam, 64 Stat. 392 (1950), 48 U.S.C. § 1421i, the additional burden of

---

* The Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

the 4% net profits tax imposed by the Government of Guam as a business privilege tax (Guam Government Code § 19541.-06) violates 12 U.S.C. § 548, which allows the local government to tax the net income of a bank but once.[1] Bank of America seeks a refund of approximately $185,000 paid to the Government of Guam in 1969, 1970, and 1971. The trial court and the District Court of Guam (Appellate Division) both ruled in favor of the Government of Guam. We affirm.

Although there is no dispute that the Guam territorial income tax was enacted by Congress, the issue is whether or not it is nevertheless to be considered an imposition by the Government of Guam for the purposes of 12 U.S.C. § 548.

A review of some of the pertinent cases may be helpful in resolving this issue. The tax has been held not to be a federal tax collected by the United States but rather a territorial tax collected by the Government of Guam. *Laguana v. Ansell,* 102 F.Supp. 919 (D.Guam 1952), *aff'd* 212 F.2d 207 (9th Cir. 1954); *Wilson v. Kennedy,* 232 F.2d 153 (1956).

Section 31 of the Organic Act was amended in 1958 conferring express authority upon Guam officials to make "needful rules and regulations for enforcement of the Guam territorial income tax." In construing § 31, as amended, this court in *Guam v. Koster,* 362 F.2d 248 (1966), held that except to overcome manifest inapplicability, or incompatibility with the general intent of § 31 of the Organic Act, as amended, Guam tax officials may not prescribe any regulations which are not consistent with the federal tax statutes, any more than may the United States Commissioner of Internal Revenue.

This court in *Sayre & Co. v. Riddell,* 395 F.2d 407, 412 (1968), concluded that "Con-gress intended that Guam should apply the Internal Revenue Code (with those deletions prescribed by section 1421i(d)(1) ) to persons and income within its territory just as the United States applies the Code to persons and income within *its* territory." It was felt that "Congress viewed section 31 as creating a separate integral taxing structure for Guam 'mirroring' the provisions of the federal tax code, except for those provisions which were incompatible with such a 'separate tax' structure." *Id.* at 410. Both *Laguana* and *Sayre* recognize the purpose of § 31 was to relieve the United States Treasury from making direct appropriations.

In *Flores v. Guam,* 444 F.2d 284 (1971), this court held that it was the Congressional intent to exclude § 932 of the Internal Revenue Code of 1954 (26 U.S.C. § 932) from the Guamanian territorial income tax laws.

The teachings of these cases may be summarized as follows: The tax imposed by § 31, as amended, is a territorial income tax mirroring the provisions of the federal tax code, except for those provisions which are incompatible with the "separate tax" structure of Guam. What provisions are deemed incompatible must be construed strictly within the Congressional intent. The tax is collected by the Government of Guam for its own use in lieu of direct appropriations from the United States Treasury.

We conclude, therefore, that the enactment of § 31 by the United States Congress of the territorial income tax was done primarily to relieve the United States Treasury of the necessity of making direct appropriations; that although Congress has delegated the collection and enforcement functions to the Government of Guam, the latter is powerless to vary the terms of the

---

1. For the applicable years, § 548, since amended, provided as follows:

"The Legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may . . . (3) tax such associa-tions on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:
1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, . . . .."
By definition, Guam is considered a State for the purpose of this Act.

federal income tax laws as applied to Guam, except as permitted by Congress. We therefore hold that the Guam territorial income tax is not a tax imposed by Guam for the purposes of 12 U.S.C. § 548; that the 4% net profit business privilege tax is the only tax imposed by Guam which is measured on the net income of the appellant and is therefore not violative of § 548.

Affirmed.