**Eugene D. RAMSEY, Plaintiff-Appellant,**

v.

**Manuel A. CHACO, Director of Revenue and Taxation, et al., Defendants-Appellees.**

No. 74–3199.

United States Court of Appeals, Ninth Circuit.

March 14, 1977.

---

William C. Anderson, Agana, Guam, for plaintiff-appellant.

Howard G. Trapp, Trapp, Gayle, Teker, Weeks & Friedman, Matthew Carl Gruskin, Walter S. Ferenz, Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, for defendants-appellees.

Before CHAMBERS, ELY and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

The plaintiff, a resident and taxpayer of the Territory of Guam, brought this suit to

challenge certain abatement and rebatement tax provisions enacted by the Guam Territorial Legislature. The challenged sections provide for the certification of certain corporations by the Guam Economic Development Authority, with certain tax advantages accruing upon certification. While the certificates are not always identical, they typically provide for the abatement of local property taxes for a period of ten years,[1] the rebate of 75 percent of all corporate income taxes for a period of 20 years,[2] and a rebate of 75 percent of all income tax on dividends paid by the qualifying corporation for not more than five years.[3] Plaintiff sought in district court to have these provisions declared unlawful and invalid, to compel the collection from particular corporations and individuals of taxes which had been abated or rebated pursuant to the provisions, and to restrain the members of the Board of Directors of the Guam Economic Development Authority and the Governor of Guam from issuing additional qualifying certificates for the abatement or rebatement of taxes. The district court granted defendants' motion for summary judgment, and plaintiff appeals.

■ Initially, we must address the issue of whether the plaintiff has standing to bring this suit. The district court, by reaching the merits of the case, implicitly found sufficient standing. With the case in that posture, we are of the view that the plaintiff, as a taxpayer and resident of Guam, has standing to challenge the validity of these Guam tax law provisions on the ground of their entailing an impermissible exercise of the taxing power. *See Island Equipment Land Co. v. Guam Economic Development Authority,* 474 F.2d 753 (9th Cir. 1973).

■ Plaintiff first challenges the abatement and rebatement provisions as violative of that section of the Guam Organic Act which requires that taxes be uniformly applicable. 48 U.S.C. § 1423a.[4] While this court has not yet authoritatively interpreted the uniformity requirement, the similar requirement of other territorial organic acts has been interpreted to impose no greater restriction on the territory's power to tax than would the equal protection clause. *See Hess v. Mullaney,* 213 F.2d 635 (9th Cir. 1954) (Alaska Organic Act); *South Porto Rico Sugar Co. v. Buscaglia,* 154 F.2d 96 (1st Cir. 1946) (Puerto Rico Organic Act). The minor differences in wording between the uniformity provisions involved in these cases and that contained in the Guam Organic Act do not support a conclusion that Congress intended a different standard of uniformity to apply under the latter. Moreover, although not directly considering the uniformity provision at issue here, this court has stated that the Guam legislature may employ classifications in taxing so long as the classification would not violate equal protection of the law. *Flores v. Government of Guam,* 444 F.2d 284, 288 n. 8 (9th Cir. 1971). The Supreme Court has interpreted the equal protection clause to require only that differences in taxation have a rational basis and not be arbitrary. *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959). There can be no question that a rational basis underlies the Guam rebate and abatement tax provisions here. The Guam legislature's goal of encouraging the establishment and expansion of business and industry in Guam certainly provides reasonable support for its creation of meaningful classifications favoring qualifying corporations. *See Desco Products Caribbean, Inc. v.*

1. Guam Government Code § 53577.

2. Guam Government Code § 53578.

3. Guam Government Code § 53579.

4. This statute provides in part:
   "The legislative power of Guam shall extend to all subjects of legislation of local application not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam. Taxes and assessments on property, internal revenues, sales, license fees and royalties for franchises, privileges and concessions may be imposed for purposes of the government of Guam as may be uniformly provided by the Legislature of Guam. . . . ."

*Government of Virgin Islands et al.*, 511 F.2d 1157 (3d Cir. 1975).

Plaintiff also attacks the rebate provisions as being violative of Section 31 of the Guam Organic Act, which provides that the United States Internal Revenue Code shall be the tax law of Guam as well. 48 U.S.C. § 1421i(a)–(c), (d)(2). Section 31 of the Organic Act created a dual tax structure whereby substantive changes in the income tax laws of Guam must be left to Congress. *See Bank of America v. Chaco*, 539 F.2d 1226 (9th Cir. 1976); *Sayre & Co. v. Riddell*, 395 F.2d 407 (9th Cir. en banc 1968); *Government of Guam v. Koster*, 362 F.2d 248 (9th Cir. 1966). According to the plaintiff, the rebate provisions constitute an illegal attempt on the part of the Guam legislature to substantively alter the Guam tax law in violation of the Organic Act, since such rebate provisions are not contained within the Internal Revenue Code. Prior to amendment in 1968, however, the Organic Act also provided that all laws enacted by the Guam legislature ultimately would be reported to Congress, and unless Congress acted to annul the law within one year, it was deemed to have congressional approval. Guam Organic Act § 19, ch. 512, § 19, 64 Stat. 389 (1950), *as amended* 48 U.S.C. § 1423i. The original law granting tax rebates was passed by the Guam legislature and submitted to Congress while this pre-1968 version was still in effect, and Congress failed to annul the law within the one-year period. In 1968, Section 19 of the Organic Act was amended to eliminate the provision of implied congressional approval in the absence of annulment by it within one year. Thereafter, in 1969, the present rebate act was passed, changing only the percentage of taxes rebated.

We agree with the defendants that Congress' failure to annul the original rebate bill within one year constituted an implied approval under former Section 19 of the Organic Act. Despite its possible conflict with the Organic Act, the original rebate law was implicitly ratified by Congress' inaction, and the Guam legislature's later alteration of the specific rebate percentages did not give rise to a possible independent violation of the Organic Act and therefore did not require congressional approval. Having concluded that Congress has impliedly approved of the Guam legislature's use of rebates, we need not address the issue of whether the passage of such rebates constituted unauthorized substantive changes in the Guam tax law, in violation of the Organic Act. *See HMW Industries, Inc. v. Wheatley*, 504 F.2d 146 (3d Cir. 1974). The judgment of the district court accordingly is affirmed.