998 F.2d 754
 GOVERNMENT OF GUAM; Joaquin Blaz, Director, Dept. of
Revenue & Taxation, Petitioners-Appellees,
v.
SUPERIOR COURT OF GUAM, Respondent,
Guam Dai-Ichi Hotel, Inc., Real Party In Interest-Appellant.
 No. 92-15060.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided July 14, 1993.
 
 David W. Dooley, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Agana, Guam, and Donn Dimichele, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Los Angeles, CA, for real party in interest-appellant.
 David C. Sullivan, Asst. Atty. Gen., Agana, Guam, for petitioners-appellees.
 Appeal from the United States District Court for the District of Guam, Appellate Division.
 Before: LAY,* HUG, and SCHROEDER, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 Guam Dai-Ichi Hotel, Inc., real party in interest, appeals the District Court of Guam, Appellate Division's order directing the Guam Superior Court to dismiss Hotel's actions against Guam for tax rebates. We affirm.
 
 
 2
 The hotel filed the present action in the Superior Court of Guam seeking rebates of territorial income taxes for the tax years 1986 and 1987. Hotel's claim was based on a qualifying certificate issued by the Guam Economic Development Authority ("GEDA"). The GEDA was created by the Guam legislature to encourage the development of business and industry by granting tax advantages to qualifying corporations. See Ramsey v. Chaco, 549 F.2d 1335, 1337 (9th Cir.1977); 12 Guam Code Ann. § 2103. One method used by the GEDA to promote development is the qualifying certificate, which is issued to a company as an incentive to invest in Guam. In order to obtain a certificate, a company must fulfill certain obligations such as investing a minimum amount of money or employing a certain number of local citizens. 12 Guam Code Ann. §§ 2403, 2408. Typically, the certificates entitle a business to an abatement of local property taxes for ten years, a rebate of 75% of corporate income taxes for twenty years, and a rebate of 75% of income taxes on dividends for five years. Ramsey, 549 F.2d at 1337. The hotel contended that it was entitled to a larger rebate than Guam calculated.
 
 
 3
 The Superior Court concluded that the present case was properly before it because the case arose entirely under the laws of Guam and did not involve the Guam territorial tax law which is within the exclusive jurisdiction of the Federal District Court of Guam. The Appellate Division disagreed. The Appellate Division held that the Superior Court lacked subject matter jurisdiction because the action involved the Guam territorial income tax.
 
 
 4
 On appeal, the hotel contends that the Appellate Division erred because the present claim only involves calculating the appropriate amount of the rebate through interpretation of the provisions of the certificate. Appellant reasons that this is a contract issue properly within the jurisdiction of the Superior Court. The sole issue before us today is whether this dispute should be heard in the Federal District Court of Guam or the Superior Court of Guam.
 
 
 5
 The statutes defining Superior Court and Federal District Court jurisdiction are controlling. The Guam Code of Civil Procedure states:
 
 
 6
 The Superior Court shall have original jurisdiction in all cases arising under the laws of Guam, civil or criminal, in law or equity, regardless of the amount in controversy, except for causes arising under the constitution, treaties, laws of the United States, and any matter involving the Guam Territorial Income Tax.
 
 
 7
 Guam Civ.Proc.Code § 82 (emphasis added). Conversely, the District Court has "exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the Guam Territorial income tax." 48 U.S.C. § 1421i(h).
 
 
 8
 Thus, the language of the statute granting jurisdiction to the Superior Court specifically excludes "any matter involving" the territorial tax. Appellant's argument that the case does not call for the court to interpret directly any provision of the territorial tax is largely irrelevant. The statute makes clear that a specific provision of the tax code need not be the central issue in the case; rather, taxes need only be involved. Appellant's action undoubtedly is a "matter involving" the territorial tax within the meaning of § 82. The very remedy prayed for by appellant is a rebate of the territorial tax. The result directly affects the amount of tax revenue to be retained by Guam. This case is not a contractual dispute.
 
 
 9
 The language of the statute outlining the Federal District Court's jurisdiction also compels the conclusion that Federal District Court is where disputes over rebate amounts should be litigated. Congress provided that the District Court should exercise jurisdiction over any judicial proceeding "with respect" to the Territorial tax, expressly stating that any suits alleging recovery or rebates of the Territorial tax are to be heard in the district court. 48 U.S.C. § 1421i(h)(2). As the Appellate Division correctly concluded, the "plain reading" of both provisions of the jurisdictional statute "compels the conclusion that [Congress] contemplated that all suits for a refund of income taxes, whatever the basis for the suit, be brought in the District Court."
 
 
 10
 Moreover, the rebate program is administered by Guam's tax authorities. According to the rebate arrangement, a corporation holding a certificate first pays its taxes. Next, the Tax Commissioner sets aside an amount equal to the percentage to be rebated. The Tax Commissioner then "review[s] and audit[s]" the materials and determines the amount to be rebated. 12 Guam Code Ann. § 2419. Additionally, the Tax Commissioner is authorized to promulgate rules and regulations regarding the rebate program. 12 Guam Code Ann. § 2422. The rebate program is part and parcel of Guam's internal revenue system.
 
 
 11
 Our decision in Ramsey is also instructive. In Ramsey we upheld the validity of the legislation authorizing the rebates against an equal protection challenge. Although we did not there decide the precise jurisdictional issue presented in this case, we decided that case by using the equal protection analysis applied to tax measures. Appellant's position in this case cannot be harmonized with Ramsey, for if Ramsey properly viewed the rebate program as a tax measure, then issues going to the scope of certificates issued pursuant to that program must "involve" or be "with respect to" the territorial income tax.
 
 
 12
 Accordingly, the order of the Appellate Division is AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation