**Antonio GUMATAOTAO,**
Plaintiff–Appellant,

v.

**DIRECTOR OF DEPARTMENT OF REVENUE AND TAXATION,**
Defendant–Appellee.

No. 99–15997.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2000

Filed Jan. 10, 2001

Robert J. Torres, Jr., Law Office of Robert J. Torres, Jr., Hagatna, Guam, for the plaintiff-appellant.

Stephen A. Cohen, Department of Revenue and Taxation, Government of Guam, GMF, Guam, for the defendant-appellee.

Before: HUG, CHIEF JUDGE, TROTT, and WARDLAW, Circuit Judges.

TROTT, Circuit Judge.

Antonio Gumataotao filed a petition in the United States District Court for the District of Guam seeking a redetermination of his territorial tax liability for the years 1992–1994. Specifically, he sought a ruling that Guam could not tax Guam residents on interest earned from United States bonds. Contrary to Gumataotao's main contention, the district court concluded that the government of Guam could indeed tax its residents on interest earned from U.S. bonds, and accordingly dismissed Gumataotao's petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Gumataotao appeals the district court's ruling.

Gumataotao first argues that, as a matter of proper statutory construction of the Guam Territorial Income Tax ("G.T.I.T."), the interest earned by Guam residents from U.S. bonds is tax-exempt. Next, he contends that Guam, as a possession of the United States, is constitutionally and statutorily precluded from levying a tax against a bond issued by the federal government. Finally, Gumataotao maintains that the district court committed revers-

ible error by failing to consider evidence extrinsic to the complaint in making its decision under Rule 12(b)(6).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM the district court.

# I

## Factual Background

Antonio Gumataotao, a Guam resident, owns U.S. bonds. He received over $350,000 in interest from those bonds during the tax years 1992–1994. When filing his territorial income tax returns, Gumataotao reported the interest from his U.S. bonds as non-taxable. Thus, he did not pay taxes on the interest he received.

Guam's Director of Revenue and Taxation (the "Director") issued a deficiency notice to Gumataotao in 1997, expressing his view that Guam could tax the interest from U.S. bonds paid to Guam residents. Because Gumataotao had not paid taxes on such interest between 1992 and 1994, the Director ordered him to pay the deficiencies and imposed a penalty.

Gumataotao filed a petition in the district court of Guam seeking a redetermination of his tax liability. The Director moved to dismiss the petition under Rule 12(b)(6). After entertaining oral arguments, the district court agreed with the Director and dismissed Gumataotao's petition.

# II

## Discussion

### A. Standard of Review

The district court's statutory and constitutional determinations are conclusions of law reviewed *de novo*. *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1182 (9th Cir.2000); *Free Speech Coalition v. Reno*, 198 F.3d 1083, 1090 (9th Cir.1999); *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). Whether the district court erred by dismissing Gumataotao's complaint for failure to state a claim is also reviewed *de novo*, *TwoRivers v. Lewis*, 174 F.3d 987,

991 (9th Cir.1999), but our review, like the district court's, is generally limited to the contents of the complaint. *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998).

### B. Guam May Tax Guam Residents on the Interest From U.S. Bonds

Gumataotao's contention that Guam may not tax a Guam resident on interest earned from U.S. bonds breaks down into four parts:

1) A properly construed G.T.I.T. § 103(a) exempts from taxation the interest paid to Guam residents on U.S. bonds.

2) As a possession of the United States, Guam cannot constitutionally tax a U.S. bond because the federal government has not "explicitly consented" to such a tax.

3) Title 31 U.S.C. § 3124(a), which precludes states from taxing the interest on federal bonds, prevents Guam from taxing U.S. bonds.

4) Allowing Guam to tax U.S. bonds is "manifestly inapplicable or incompatible" with Congressional intent.

We address and reject each of Gumataotao's arguments in turn.

### 1. A Properly Construed G.T.I.T. § 103(a) Does Not Exempt the Interest Paid to Guam Residents from U.S. Bonds

#### a. Background

Congress organized Guam as an unincorporated possession of the United States through the 1950 Organic Act of Guam ("the Organic Act"). 48 U.S.C. § 1421 *et. seq.*. Congress also provided an income tax scheme for Guam in 48 U.S.C. § 1421i (the "Income Tax Section").

Guam residents do not pay any income tax to the U.S. federal government; instead, they pay a territorial income tax to the government of Guam. 48 U.S.C. § 1421i(b). Rather than writing an entirely new tax code for Guam, Congress ap-

plied the provisions of the Internal Revenue Code, 26 U.S.C. § 1 *et seq.* ("I.R.C."), to Guam as the Guam Territorial Income Tax. 48 U.S.C. § 1421i(a) (2000). Thus, I.R.C. § 1 applies to Guam taxpayers as G.T.I.T. § 1, and so on. Only those provisions of the I.R.C. that are "manifestly inapplicable or incompatible with the intent of [the Income Tax Section]" do not apply to Guam taxpayers. 48 U.S.C. § 1421i(d); *see Sayre & Co. v. Riddell*, 395 F.2d 407, 410 (9th Cir.1968) (en banc) ("*Sayre*") (G.T.I.T. "mirror[s]" the I.R.C., except where "manifestly inapplicable or incompatible").

■ Of course, because the I.R.C. was written for U.S. taxpayers, certain word substitutions must be made to the mirrored provisions of the G.T.I.T. in order to make those provisions applicable to Guam taxpayers. The Income Tax Section specifically provides directions on when and how to make these word substitutions:

[E]xcept where it is manifestly otherwise required, the applicable provisions of the [I.R.C.] shall be read so as to substitute "Guam" for "United States," ... "Governor or his delegate" for "Commissioner of Internal Revenue" ... and with other changes in nomenclature and other language, including the omission of inapplicable language, where necessary to effect the intent of this section.

48 U.S.C. § 1421i(e). Thus, where an I.R.C. section uses the phrase "United States," the mirrored G.T.I.T. section should substitute the word "Guam." This process of substituting the word "Guam" for the phrase "United States" is known as "one-way mirroring" and is explicitly provided for in the statute. *See* 48 U.S.C. § 1421i(e); *Vitco, Inc. v. Virgin Islands*, 560 F.2d 180, 184 (3d Cir.1977) ("*Vitco*").

■ Two-way mirroring is the opposite substitution—it is the process of substituting the phrase "United States" for the word "Guam." *Vitco*, 560 F.2d at 185. Although substituting "United States" for "Guam" is not specifically provided for in the statute, *see* 48 U.S.C. § 1421i(e), courts

have utilized that particular word substitution in order to effect the intent of the Income Tax Section. *See Vitco*, 560 F.2d at 184–85. Because the intent of the Income Tax Section was to create uniformity between the tax laws of the United States and of Guam, *see Sayre*, 395 F.2d at 412, courts will substitute "United States" for "Guam" when failing to do so would lead to "disparate tax treatment" between U.S. taxpayers and Guam taxpayers. *See Vitco*, 560 F.2d at 184–85 (under a similar scheme, inserting "United States" where the federal provision uses "Virgin Islands" because failing to do so would lead to disparate tax treatment between U.S. taxpayers and Virgin Islands taxpayers).

### b. Application

■ Internal Revenue Code § 103(a) provides that a federal taxpayer's "gross income does not include interest on any State or local bond," including bonds of Guam. I.R.C. § 103(a), (c)(2). When properly mirrored, G.T.I.T. § 103(a) states that a Guam taxpayer's "gross income does not include interest on any [Guam] bond." G.T.I.T. § 103(a), (c)(2).

Gumataotao argues that, under the word substitution rules of 48 U.S.C. § 1421i(e), two-way mirroring is applicable to G.T.I.T. § 103(a). That is, he contends that the phrase "United States" should be substituted for the word "Guam" to make G.T.I.T. § 103(a) provide that a Guam taxpayer's "gross income does not include interest on any [Guam] [United States] bond." Gumataotao urges us to employ two-way mirroring because failing to do so would betray Congress's intent to create and implement a "mirrored" tax code for Guam.

We decline Gumataotao's invitation to substitute "United States" for "Guam" in G.T.I.T. § 103(a). Two-way mirroring is plainly inappropriate in this context because doing so would not avoid disparate tax treatment; in fact, it would create disparity. Under the I.R.C., a U.S. taxpayer must pay taxes on the interest from federal bonds, but need not pay taxes on the interest from Guam bonds. I.R.C.

§§ 61(a)(4), 103(a), 103(c)(2). Under Gumataotao's interpretation (substituting "United States" for "Guam"), the reverse would be true—a Guam taxpayer would not pay taxes on the interest from federal bonds but would pay taxes on the interest from Guam bonds.[1] Therefore, the district court was correct in concluding that G.T.I.T. § 103(a) does not make the interest from U.S. bonds non-taxable for Guam residents.

## 2. It is Not Unconstitutional for Guam to Collect Taxes from Its Residents on the Interest Earned from U.S. Bonds

■ Gumataotao argues that it is unconstitutional for Guam, a possession of the United States, to tax an instrumentality of the federal government. Because Congress, not the government of Guam, passed the Income Tax Section, we disagree.

Gumataotao's argument is derived from the principles of three landmark Supreme Court cases: *Domenech v. Nat'l City Bank of New York*, 294 U.S. 199, 55 S.Ct. 366, 79 L.Ed. 857 (1935), *The Banks v. The Mayor*, 74 U.S. (7 Wall.) 16, 19 L.Ed. 57 (1868), and *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). In *McCulloch*, the State of Maryland passed a law which purported to tax all banks located within the state, including a federal bank. In *Domenech*, the Puerto Rico legislature passed a similar law. In *The Banks*, the State of New York passed a law which purported to tax the interest from U.S. bonds. The Supreme Court struck down each law stating that absent clear and explicit consent by Congress, U.S. banks and U.S. bonds are "not ... liable to taxation *under State legislation.*"

*The Banks*, 74 U.S. at 23 (emphasis added).

All three cases are distinguishable from the case at bar for one simple reason: Guam did not pass any law purporting to tax the federal bonds, Congress did. Instead of undertaking the arduous task of writing an entirely new tax code for the possession of Guam, Congress mandated that the provisions of the I.R.C. apply to Guam taxpayers (except where "manifestly inapplicable or incompatible"). 48 U.S.C. § 1421i(a), (d). Thus, it was Congress, in I.R.C. § 61(a)(4), that taxed the interest from U.S. bonds, and it was Congress that applied the provisions of the I.R.C. to Guam taxpayers. 48 U.S.C. § 1421i(a), (d).

Gumataotao seizes on the fact that Congress has authorized Guam to "de-link" from the I.R.C.; that is, Guam may pass its own tax laws that will go into effect "upon an exchange of notes" by the governments of Guam and the United States. Tax Reform Act of 1986, §§ 1271, 1277(b), Pub.L. No. 99–514, 100 Stat.2085. Gumataotao argues that Congress's authorization to de-link from the I.R.C. transforms Guam's current tax code from federal to local legislation. We disagree.

Even though Guam may no longer be "powerless to vary the terms" of its tax laws because it can de-link from the I.R.C., *see Bank of Am. v. Chaco*, 539 F.2d 1226, 1227 (9th Cir.1976) (per curiam) ("*Chaco I*"), unless and until it does so, it was Congress, not the Guam government, that imposed a tax on U.S. bonds. In fact, the Director acknowledges that if Guam actually passes its own tax laws, it will be precluded from taxing the interest paid by federal bonds. Until then, there is no constitutional impediment to the Guam

1. A separate provision of the Organic Act provides that interest from Guam bonds is tax-exempt. 48 U.S.C. § 1423a. Thus, under Gumataotao's interpretation, Guam residents, in reality, would not be required to pay taxes on the interest from *either* U.S. or Guam bonds. The Director argues that such a result would be unfair. For purposes of this opinion, we ignore the separate tax exemption for

interest on Guam bonds provided by 48 U.S.C. § 1423a. "We may not adopt a construction inconsistent with [the Income Tax Section] ... simply because we consider the result more equitable." *Sayre*, 395 F.2d at 412–13. Consequently, we focus solely on I.R.C. § 103(a) and the word substitution provision, 48 U.S.C. § 1421i(e), without regard to any separate tax exemption.

government collecting from its residents the Congressionally imposed tax on interest earned from U.S. bonds.

### 3. Title 31 U.S.C. § 3124 Does Not Exempt the Interest Paid to Guam Residents from U.S. Bonds

■ Gumataotao next contends that 31 U.S.C. § 3124(a) exempts the interest paid to Guam residents from U.S. bonds. Again, we respectfully disagree.

Restating the holding of *The Banks*, Title 31 U.S.C. § 3124 provides:

(a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State.

. . . .

(b) The tax status of interest on [bonds] issued by the [federal] Government ... is decided under the Internal Revenue Code

.     .     .     .     .

31 U.S.C. § 3124. The parties initially dispute whether Guam is a "State" for purposes of § 3124. Even assuming that Guam is a "State" for purposes of § 3124(a), the provision is inapposite to the situation at bar. As explained above, Congress, not the local legislature of Guam, imposed the tax on interest from federal bonds.

### 4. Allowing Guam to Tax U.S. Bonds is Not "Manifestly Inapplicable or Incompatible" with the Intent of the Income Tax Section

■ Gumataotao also argues that allowing Guam to tax U.S. bonds would be "manifestly inapplicable or incompatible" with Congressional intent in passing the Income Tax Section. Specifically, he contends that the intent of the Income Tax Section was "for the G.T.I.T. to be treated as a 'separate Territorial tax,'" and that "to permit such taxation [of U.S. bonds] would be treating the G.T.I.T. not as a separate territorial tax ... but rather as a federal tax...." This argument also fails.

First, Gumataotao misidentifies Congressional intent. In passing the Income

Tax Section, Congress intended to provide uniform tax treatment for U.S. and Guam taxpayers. *See Vitco*, 560 F.2d at 181 ("[C]ongressional intent [was] to implement some degree of uniformity."); *Sayre*, 395 F.2d at 412 ("Congress intended that Guam should apply the [I.R.C.] ... to persons and income within *its* territory just as the United States applies the Code to persons and income within its territory."). And, as explained above, allowing Guam to tax the interest from federal bonds would provide uniformity, whereas disallowing Guam from taxing them would create "disparate tax treatment."

Moreover, "[w]hat provisions are deemed incompatible must be construed strictly within the Congressional intent." *Chaco I*, 539 F.2d at 1227. We have never held a provision of the I.R.C. "manifestly inapplicable or incompatible" with the intent of the Income Tax Section, and only one district court has done so. *See Bank of Am. v. Chaco*, 423 F.Supp. 409, 413 (D.Guam 1976) ("*Chaco II*") (refusing to apply provision of I.R.C. to Guam because "the very purpose of the Act ... could be severely frustrated"). In this case, allowing Guam to tax the interest from federal bonds would not "severely frustrate" the intent of Congress to promote uniform tax treatment between U.S. and Guam taxpayers. Indeed, the contrary is true.

### C. The District Court Was Not Required to Consider Evidence Outside of the Pleadings When Ruling on the Director's Motion to Dismiss Under Rule 12(b)(6)

While the district court was in the process of considering the Director's motion to dismiss Gumataotao's complaint under Rule 12(b)(6), Gumataotao attempted to introduce evidence extrinsic to the complaint. Specifically, he offered documents which he claimed would show that the Director and the Commissioner of the I.R.S. (the "Commissioner") previously issued statements to the effect that Guam could not tax Guam residents on the interest from federal bonds. Gumataotao con-

1083

tends that it was reversible error for the court to fail to consider the evidence. He is mistaken for two reasons.

■ "In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.'" *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir.1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994)). "However, material which is properly submitted *as part of the complaint* may be considered on a motion to dismiss." *Id.* Nowhere in Gumataotao's petition to the district court (the equivalent of a complaint) does he reference any of this extrinsic evidence.

■ Furthermore, even assuming Gumataotao could prove that the Director and the Commissioner previously opined that Guam could not tax the interest from federal bonds, they are not bound by those statements. As the Supreme Court has noted on numerous occasions: "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Auto. Club of Mich. v. Commissioner*, 353 U.S. 180, 183, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957); *Dickman v. Commissioner*, 465 U.S. 330, 343, 104 S.Ct. 1086, 79 L.Ed.2d 343 (1984) ("[I]t is well established that the Commissioner may change an earlier interpretation of the law, even if such change is made retroactive in effect."). For purposes of Guam tax laws, the Director stands in the shoes of the Commissioner. 48 U.S.C. § 1421i(e). Therefore, neither the Director nor the Commissioner is bound by an earlier mistaken interpretation of law. Thus, the district court did not err in refusing to consider Gumataotao's evidence extrinsic to the complaint.

## III

### Conclusion

For the reasons expressed above, we AFFIRM the district court.