**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABIGAIL RICHLIN,

    Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent-Appellee.

No. 20-72392

Tax Ct. No. 16301-16L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Argued and Submitted September 1, 2021
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

  Appellant Abigail Richlin (Richlin) appeals the United States Tax Court

decision sustaining a tax levy imposed by the Internal Revenue Service (IRS) to

collect an outstanding tax obligation. More specifically, Richlin seeks credits from

a tax overpayment and several estimated tax payments made by her late

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ex-husband, Milton Schwartz (Schwartz). The IRS Office of Appeals (Appeals) initially agreed with Richlin, but changed its position based on an opinion by the IRS Office of Chief Counsel and the terms of the parties' premarital agreement (PMA).

1.      "We review the Tax Court's conclusions of law, including its interpretations of the Internal Revenue Code, *de novo*. . . ." *Mazzei v. Comm'r*, 998 F.3d 1041, 1054 (9th Cir. 2021) (citation omitted). "[D]e novo review amounts to a fresh analysis of whether the Commissioner abused his discretion." *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006).

2.      The Forms 12257, Summary Notices of Determination, executed by the parties did not constitute binding contracts precluding Appeals from changing its position. According to the applicable statute and, as stated in the forms, Appeals retains jurisdiction over any further proceedings based on changed circumstances. *See* I.R.C. § 6330(d)(3). In addition, "compromises under 26 U.S.C. § 7122 are the exclusive method of settling claims." *Laurins v. Comm'r*, 889 F.2d 910, 912 (9th Cir. 1989) (citation omitted).

3.      Richlin's reliance on the Taxpayer Bill of Rights, 26 U.S.C. § 7803(a)(3), is misplaced. That statute does not confer standalone substantive rights. *See Moya v. Comm'r*, 152 T.C. 182, 197 (2019).

4. Equitable estoppel against the government was not available to Richlin. *See United States v. Lynch*, 903 F.3d 1061, 1076 (9th Cir. 2018) (explaining that "to invoke estoppel against the Government, the party claiming estoppel must show 'affirmative misconduct' as opposed to mere failure to inform or assist") (citation and alteration omitted); *see also Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011) (holding that "even if the IRS were negligent in failing to notify [plaintiff], negligence alone will not support a claim of equitable estoppel against the government"). Finally, "[t]he doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." *Gumataotao v. Dir. of Dep't of Revenue & Tax'n*, 236 F.3d 1077, 1083 (9th Cir. 2001).

5. In any event, the IRS's allocation of the tax credits was not erroneous. Richlin misinterprets the PMA, which explicitly provides that her late ex-husband was responsible for all taxes *except* taxes stemming from her separate property. Her argument that the agreement required Schwartz to pay all taxes first and sue her for reimbursement has no basis in the PMA. *See American First Fed. Credit Union v. Soro*, 359 P.3d 105, 108 (Nev. 2015) (explaining that a "court need not interpret the contract any differently from the contract's plain meaning") (citation omitted). Moreover, IRS regulations preclude payments made after the parties' divorce from being deemed joint payments. *See* Treas. Reg. § 1.6654-2(e)(5)(i).

6.     Despite finding clear error in the factual finding made by Appeals that Schwartz intended certain estimated payments to be made for his own account, no remand was required. The Tax Court was able to determine from the record how Appeals would allocate a joint payment, so remand was unnecessary. *See Kemper v. Comm'r*, 86 T.C.M. (CCH) 12 (T.C. 2003) (concluding that a non-productive remand was unnecessary).

**AFFIRMED.**